### VAN BRIMMER v. TEXAS & P. RY. CO.

(Circuit Court. E. D. Texas, Jefferson Division.    October 2, 1911.)

1. COMMERCE (§ 27*)—INJURIES TO SERVANT—RAILROAD EMPLOYÉ—EMPLOYER'S LIABILITY ACT.

Where a railroad brakeman was injured while engaged in making a flying switch to set out a car transported wholly in intrastate traffic, though it was a part of the train carrying both interstate and intrastate freight, his injury did not occur while he was engaged in interstate commerce, and therefore was not within Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171), under the rule that, if the employé when injured is engaged wholly in the performance of service in furtherance of intrastate business, the act does not apply.

[Ed. Note.—For other cases, see Commerce, Dec. Dig. § 27.*

What law governs master's liability for injuries to servant, see note to Mexican Cent. Ry. v. Jones, 48 C. C. A. 232.]

2. REMOVAL OF CAUSES (§ 19*)—GROUNDS—EMPLOYER'S LIABILITY ACT—AMENDMENT.

Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171), as amended by Act April 5, 1910, c. 143, 36 Stat. 291, providing that no case arising under the act and brought in the state court of competent jurisdiction shall be removed to any court of the United States, only provides that, where a cause of action arises under the employer's liability act, the suit may not, for that reason, be removed, and hence does not affect the right of removal in cases where the right exists by some other law.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 19.*]

At Law. Action by T. Van Brimmer against the Texas & Pacific Railway Company. Motion to remand to state court. Overruled.

S. P. Jones, for plaintiff.
F. H. Prendergast, for defendant.

RUSSELL, District Judge. This cause is before me on a motion to remand to the state court. The plaintiff sues for damages on account of personal injuries alleged to have been received by him while in the service of the defendant as an employé, in December, 1910. He filed suit against the defendant in the district court of Harrison county,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Tex., in February, 1911. The defendant in due time filed its petition and bond for removal upon the ground that it had the right of removal because it is a corporation chartered by an act of Congress. Pacific Railroad Removal Cases, 115 U. S. 1, 5 Sup. Ct. 1113, 29 L. Ed. 319.

The state court accepted the bond for removal and ordered the suit removed to the Circuit Court of the United States for the Eastern District of Texas. The plaintiff has filed a motion to remand the cause, alleging that he was engaged in interstate commerce when he was injured, and that he has brought his suit for those injuries under the act of Congress of April 22, 1908, and the amendment of April 5, 1910, known as the "Employer's Liability Act."

It is not disputed that the defendant has the right to remove the case to the United States court unless that right of removal was taken away by the sixth section of the act of April 5, 1910.

It is agreed that the injuries of which the plaintiff complains were received under the following circumstances: Plaintiff was a brakeman in the employ of the defendant company. On the occasion of his injuries he was engaged in the discharge of his duties as such brakeman on a freight train which was going from Big Springs, Tex., to El Paso, Tex. The train contained many cars, which were filled with merchandise from other states and were being so used to transport interstate shipments of freight. In the train was also a car filled with merchandise loaded at Dallas, Tex., and destined for Etholine, Tex.; the shipment being wholly intrastate in its character—that is, the shipment in the case of this car began and was to end within the state of Texas. When the train reached Etholine, the employés of the defendant, including the plaintiff, undertook to "set out" the said car destined for that place. In performing this work the engine and several cars, including the one destined for Etholine, were cut loose from the train, which was left standing on the main line, and the plaintiff and his coemployés proceeded to put the Etholine car on a side track. The conductor of the train ordered the train crew to make a "flying switch" and in this way send the car on the side track at Etholine. The part of this service which the plaintiff was to perform was to ride on the car, which was to be side-tracked at Etholine, and while the train was in rapid motion to cut loose that car from the others. Immediately after this car was cut loose by the plaintiff, the engine and remaining cars were to be suddenly decreased in speed so as to produce the effect of sending the Etholine car upon one track at rapid speed, and then before the engine and balance of the cars could reach the switch it would be thrown by the switchman so as to send the engine and other cars upon another track. In attempting to perform the work in this manner, the engineer suddenly stopped his engine before the Etholine car was cut loose, and the plaintiff was thereby jerked off of that car, thrown to the ground, and injured.

The negligence relied upon by the plaintiff was the act of the conductor in ordering the "flying switch" and of the engineer in stopping the engine too suddenly.

The decision of the motion to remand rests upon two propositions: Was the plaintiff at the time of the injury engaged in an act of: furtherance of interstate commerce; and, second, does the act of April 5, 1910, *deprive every* defendant of the right to remove a suit which has been filed against him in the state court where the suit by the plaintiff is based upon the employer's liability act. I will take up these two propositions in the order in which I have stated them.

[1] The original employer's liability act was the Act of June 11, 1906, c. 3073, 34 Stat. 232 (U. S. Comp. St. Supp. 1909, p. 1148). That act by its terms embraced "every common carrier engaged in traffic or commerce in the District of Columbia, or in any territory of the United States or between the several states," etc. The validity of the act was called in question upon the ground, among others, that it attempted to extend the regulating power of Congress to every one engaged in interstate commerce, even though a portion of his business might relate to intrastate commerce exclusively. The question reached the Supreme Court, and the act was held by that court to be unconstitutional. Employer's Liability Cases, 207 U. S. 463, 28 Sup. Ct. 141, 52 L. Ed. 297. The present Chief Justice delivered the opinion of the court, and, while other objections to the law are discussed, it was held that the act was addressed to all common carriers engaged in interstate commerce without limitation or restriction as to the nature of the business at the time of the injury, and so, necessarily, includes subjects wholly outside of the power of Congress under the commerce clause of the Constitution. The court said:

"From the first section it is certain that the act extends to every individual or corporation who may engage in interstate commerce as a common carrier. Its all-embracing words leave no room for any other conclusion. It may include, for example, steam railroads, telegraph lines, telephone lines, the express business, vessels of every kind, whether steam or sail, ferries, bridges, wagon lines, carriages, trolley lines, etc. Now, the rule which the statute establishes for the purpose of determining whether all the subjects to which it relates are to be controlled by its provisions is that any one who conducts such business be a 'common carrier engaged in trade or commerce in the District of Columbia, or in any territory of the United States, or between the several states,' etc. That is, the subjects stated all come within the statute when the individual or corporation is a common carrier who engages in trade or commerce between the states, etc. From this it follows that the statute deals with all the concerns of the individuals or corporations to which it relates if they engage as common carriers in trade or commerce between the states, etc., and does not confine itself to the interstate commerce business which may be done by such persons. Stated in another form, the statute is addressed to the individuals or corporations who are engaged in interstate commerce, and is not confined solely to regulating the interstate commerce business which persons may do; that is, it regulates the persons because they engage in interstate commerce, and does not alone regulate the business of interstate commerce."

This opinion was delivered on June 6, 1908. Thereupon Congress cured the defects in the former law, suggested by the opinion, by passing the act of April 22, 1908. This latter act applies by its terms to "every common carrier by railroad *while engaging* in commerce between any of the several states," etc. The force of the logic in the opinion in the Employer's Liability Cases was recognized by the legis-

lative branch of the government when the present law, the act of 1908, was passed. That a railroad company may be engaged both in interstate commerce and in intrastate commerce is self-evident. As to whether a cause of action for an injury to an employé arises under the employer's liability act depends upon the circumstances existing at the time of the injury. If at the time of the injury, the employé was performing some service for the company in furtherance of its interstate commerce business, then the rules of law declared in the act of 1908, and its amendment, will apply. Upon the other hand, if the employé, when injured, is engaged wholly in the performance of a service in furtherance of the intrastate business of the railroad company, then the act of Congress does not apply, because to give it application in such case would be extending the power of the federal government over matters exclusively within the state jurisdiction and control.

Turning to the facts in the case at bar: The plaintiff was a brakeman on a train of the defendant which contained cars being used for interstate shipments of freight. In the train was a car which was filled with merchandise destined for a point within the state. The shipment of this car originated in Texas, and was to end in that state. When the plaintiff was injured, he was engaged in the work of completing the transportation of that intrastate car. He, with others, was doing the final work of landing that car at its destination and was doing no act towards furthering the interstate business of the railroad company. Neither the railroad company nor the plaintiff nor any of his fellow employés were, at that time, "*engaging* in commerce between any of the several states"; but they were "engaging" in an act in furtherance of the purely domestic and intrastate commerce of the defendant. That being so, the provisions of the act of Congress, known as the "employer's liability act" do not apply, and section 6 of that act, as amended, does not prohibit the removal of this case.

[2] Upon the other point, it is contended by the plaintiff that the amendment to the employer's liability act of date April 5, 1910, prohibits the removal of any suit arising under the act, which has been instituted in a state court of competent jurisdiction. It is not denied that the defendant in this case would have the right to remove the cause to the United States court if the amendment referred to had not been passed, but it is contended that that amendment took away from every defendant the right of removal where the cause of action arises under the employer's liability act.

The language of the amendment relied upon by the plaintiff is as follows:

"The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

Was it the purpose of Congress by this statute to deprive a litigant, who had a clear right to take his cause to the United States court, of such right, because the cause of action arose under the employer's liability act? Or was it the purpose of Congress to provide that the enactment of that statute, the employer's liability act, should not be

made the occasion for extending the federal judicial power over a field which it could not previously enter?

The Constitution declares that the judicial power shall extend to all cases in law and equity arising under the Constitution and laws of the United States. The passage of the act of April 22, 1908, created a right of action, where it did not exist before, in favor of injured employés of common carriers by railroad. The right of action depending upon an act of Congress was, for that reason, a case arising under a law of the United States and of which the federal courts can take jurisdiction. The plaintiff in this class of cases could bring his suit in the United States court. If the plaintiff brought suit in the state court, the defendant could remove the suit to the federal court because it was a case arising under a law of the United States.

The result was that the act tremendously increased the business of the United States courts. Complaints came up to Congress from all over the country that the employer's liability act was being made the excuse for taking to the federal courts a large volume of litigation which ought to be left in the state courts, and that it was greatly extending the power of Congress and diminishing the legislative authority of the states. These suggestions are mentioned in the opinion of the court in the Employer's Liability Cases (see page 491 of 207 U. S., 28 Sup. Ct. 141, 52 L. Ed. 297), but are dismissed by the court as having to do only with the policy or expediency of the law, and not with its constitutionality, and therefore should be addressed to the legislative and not to the judicial department of the government. Finally Congress did act and passed the amendment which I have quoted to section 6 of the act.

I am unable to bring myself to the conclusion that the amendment deprives a litigant of the right to remove his case to the federal court who had that right independent of the employer's liability act. I hold that the amendment in question does no more than to provide that, where a cause of action arises under the employer's liability act, the suit should not, for that reason, be removed, but that it does not affect the right of removal in cases where the right exists by virtue of some other law. Cases of federal jurisdiction are divided into two classes: (1) Where the jurisdiction is dependent on the character of the parties, as, for instance, citizens of different states, corporations with federal charters, citizens who on account of prejudice or local influence cannot obtain justice in the state courts, etc. (2) Where the jurisdiction is dependent on the subject-matter or character of the suit, as where the federal Constitution or laws are involved. Cases under the employer's liability act fell within the second class, and that constituted the reason why they might be removed to the federal court until the passage of the amendment of April 5, 1910. But can it be supposed that, in a case where a defendant could not obtain justice in the state courts on account of prejudice or local influence, Congress intended to deprive such defendant of the right to take the case to the United States court simply because the cause of action arose under the employer's liability act? The purpose of the provisions of the law allowing removals in cases of prejudice and local influence was.

to insure justice and fair trials in court to all citizens of the United States, and these objects would be defeated in every case of prejudice or local influence, where the ' cause of action arose under the act of April 22, 1908, as amended, if the amendment in question is given the effect contended for by the plaintiff.

The law provides that the courts of the United States shall have jurisdiction over controversies between citizens of different states, and that in this class of cases the right of removal exists where the suit has been instituted in the state court. The purposes intended to be accomplished by this legislation are too patent to need mention, and yet, if the amendment of April 5, 1910, be given the construction urged in argument by the plaintiff, even in this class of cases, the right of removal would be taken away where the cause of action arose under the employer's liability act. It is not conceivable that Congress intended to confer any such exceptional privilege upon the one class of citizens mentioned in that act, to the exclusion of all other citizens.

I think the more rational conclusion is that Congress, having created a liability by the act of April 22, 1908, which did not exist before, and seeing that the volume of litigation growing out of that act which reached the federal courts was very large, intended only to say that the act alone should not give a defendant the right of removal of a cause of action brought originally in the state court; and that there was no intention on the part of Congress to destroy the right of removal which a defendant might have by virtue of some other provision of law.

I overrule the motion to remand.