ILLINOIS CENT. R. CO. v. ROGERS.

(Circuit Court of Appeals, Fifth Circuit. March 8, 1915. Rehearing Denied
April 5, 1915.)

No. 2717.

1. APPEAL AND ERROR ☞544—RECORD—BILL OF EXCEPTIONS—NECESSITY.
Where the facts on which the trial court's jurisdiction depended ap-
peared on the face of the pleadings, the error in ruling on exceptions
raising the question of jurisdiction was one apparent of record, which
need not be presented by a bill of exceptions.
[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–
2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. ☞544.]

2. MASTER AND SERVANT ☞86—LIABILITY FOR DEATH—LAW GOVERNING.
To bring the death of a railroad employé, struck by an engine, within
the Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65
[Comp. St. 1913, §§ 8657–8665]), it was necessary that both the employé
and the engine should be engaged at the time of the injury in interstate
commerce.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 137;
Dec. Dig. ☞86.
What law governs actions, see note to Burrell v. Fleming, 47 C. C.
A. 606.]

3. COMMERCE ☞27—SUBJECTS OF REGULATION—RAILROADS.
An employé of a railroad company, while cleaning stencils used by the
company to mark cars owned and used by it in interstate commerce, was
not engaged in interstate commerce.
[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig.
☞27.]

4. MASTER AND SERVANT ☞256—LIABILITY FOR DEATH—LAW GOVERNING.
In an action for the death of an employé of a railway company, struck
by an engine, an allegation in the petition that the railroad company was
engaged in interstate commerce at the time of the accident did not suf-
ficiently show that the engine in question was so engaged at the time of
the accident.
[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 809–
812, 815; Dec. Dig. ☞256.]

Walker, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern
District of Louisiana; Rufus E. Foster, Judge.

Action by Wallace Rogers against the Illinois Central Railroad Com-
pany. Judgment for plaintiff, and defendant brings error. Reversed
and remanded.

Hunter C. Leake and Gustave Lemle, both of New Orleans, La., and
R. V. Fletcher and Blewett Lee, both of Chicago, Ill., for plaintiff in
error.

Armand Romain, of New Orleans, La., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY,
District Judge.

MAXEY, District Judge. In the disposition of this case the ruling
of the trial court on the exceptions of the railroad company, raising

the question of jurisdiction, will be first considered. The question involved was whether the case made by the petition of the plaintiff came within the provisions of the Employers' Liability Act. The court has no jurisdiction otherwise, since the parties are citizens of states other than Louisiana; and the exceptions presented the sole question as to the applicability of the statute to the facts alleged in the petition.

[1] These facts being apparent on the face of the pleadings and the question involved being one of law, if error was committed, it was one apparent of record, and need not have been presented by a bill of exceptions. Moline Plow Co. v. Webb, 141 U. S. 616, 12 Sup. Ct. 100, 35 L. Ed. 879. The objection, therefore, of counsel for the defendant in error to the consideration of the question, is not well taken. To sustain his contention counsel relies on the following allegations of his petition:

"That the general and usual employment of said Frank Rogers was to maintain in good order the paint house or shops referred to, to take care of all the paints, oils, varnishes, ladders, and other materials owned and used by the said defendant in painting, manufacturing, and repairing the cars, engines, and other equipment owned and used by the said defendant in its business as a common carrier by railroad between the state of Louisiana and other states of the Union, etc., and to keep in order and good condition the signs or stencils or other instruments used by said defendant in the manufacture and repair of the cars and other equipment owned and used by said defendant in its said interstate business. * * * While petitioner's said son was at work, at a point next to the entrance of said paint shop, and while he was stationed near the said railroad track, in the act of cleaning certain stencils used by said defendant to mark the cars owned and used by said defendant in its interstate business aforesaid, he was suddenly, negligently, and unlawfully run into, knocked down, and run over by engine No. 562, owned by the said defendant herein, and operated by one of the hostlers in the employ of the said defendant. * * * That at the time of said accident the said railroad company was a common carrier by railroad, engaged in interstate commerce between the state of Louisiana and the other states of the Union, and used the said yards at Harahan for the purposes hereinabove set forth of building and repairing its cars, engines, and equipment used by it in its interstate business."

The court made the following order upon the exceptions interposed by the railroad company:

"Whereupon, and on due consideration thereof, the court being of the opinion that the allegations in plaintiff's petition state a case arising under the Employers' Liability Act, it is ordered by the court that the venue be maintained, and that the exceptions be and the same are hereby overruled."

In thus holding we think the trial court was in error. So far as we are advised the latest expression of the Supreme Court upon the particular questions here involved will be found in the case of Illinois Central R. R. Co. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163. In that case, at page 478 of 233 U. S., at page 647 of 34 Sup. Ct. (58 L. Ed. 1051, Ann. Cas. 1914C, 163), the court quoted with approval the following excerpt from Pedersen v. D., L., etc., R. R. Co., 229 U. S. 150, 33 Sup. Ct. 649, 57 L. Ed. 1125, Ann. Cas. 1914C, 153:

"There can be no doubt that a right of recovery thereunder arises only where the injury is suffered while the carrier is engaged in interstate com-

merce and while the employé is employed by the carrier in such commerce. * * * The true test always is: Is the work in question a part of the interstate commerce in which the carrier is engaged?"

And, proceeding, the court further observed:

"Here, at the time of the fatal injury, the intestate was engaged in moving several cars, all loaded with intrastate freight, from one part of the city to another. That was not a service in interstate commerce, and so the injury and resulting death were not within the statute. That he was expected, upon the completion of that task, to engage in another which would have been a part of interstate commerce is immaterial under the statute, for by its terms the true test is the nature of the work being done at the time of the injury."

[2, 3] From a careful consideration of these two cases, it seems to us clear that, in order to bring a case within the provisions of the Employers' Liability Act, both the injured party and the carrier must be engaged, at the time of the infliction of the injury, in interstate commerce. In other words, applying the principle to the present controversy, in order to bring the case within the purview of the act, it was necessary that both the defendant in error and the engine which injured him should be engaged, at the time of the injury, in such commerce. And (1) was the defendant in error, at the time he was hurt, so engaged? The allegation of the petition is that:

"While he was stationed near the railroad track, in the act of cleaning certain stencils used by said defendant to mark the cars owned and used by said defendant in its interstate business," he was run over, etc.

Was such cleaning of stencils a part of interstate commerce? It seems to us that to so hold would be an unwarranted expansion of the doctrine announced by the Supreme Court, and we do not think that the principle is susceptible of such indefinite extension.

[4] Nor (2) do we think the mere allegation that the railroad company was engaged in interstate commerce is sufficient to authorize the holding that, at the time the defendant in error was injured, the offending engine was engaged in such commerce. To justify the application of the act, the pleadings should affirmatively show, as we have intimated, that both the defendant in error and the engine were so engaged when the injury was inflicted.

Upon conclusion of the testimony, counsel for the railroad company requested a peremptory instruction in its favor, which was by the court refused. Exceptions were duly reserved to this ruling, and error is assigned thereon. It may be stated that the proof supported the allegations of the petition. But for the foregoing reasons we are of the opinion that the facts proved were unavailing to bring the case within the meaning and operation of the act. In view of the conclusion reached by the court, it is not deemed necessary to discuss other alleged errors assigned.

It follows that the judgment should be reversed, and the cause remanded; and it is so ordered.

WALKER, Circuit Judge, dissents.