## LOMBARDO v. BOSTON & M. R. R.

### (District Court, N. D. New York. May 17, 1915.)

1. REMOVAL OF CAUSES ☞3—CAUSES REMOVABLE—ACTIONS UNDER EMPLOYERS' LIABILITY ACT.

   Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010), provides for the removal from state to federal courts of suits arising under the Constitution or laws of the United States, and further provides that no case arising under Act April 22, 1908, c. 149, 35 Stat. 65 (Comp. St. 1913, §§ 8657–8665), relating to the liability of common carriers by railroad to their employés, or any amendment thereto, shall be removed. *Held*, that the statute prohibits the removal of any action arising under the Employers' Liability Act, and does not merely prohibit their removal on the ground that they arise under laws of the United States.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. ☞3.]

2. REMOVAL OF CAUSES ☞3—STATUTORY PROVISIONS—POWER OF CONGRESS.

   Congress has a right to provide for the removal of one class of cases from a state to a federal court to the exclusion of other classes, even though suits arising under the excluded class may be surrounded by local prejudices and influences of such character and extent as to forbid the defendant a fair trial in the state court.

   [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5, Dec. Dig. ☞3.]

3. COMMERCE ☞27—RAILROADS—ACTIONS FOR INJURIES TO EMPLOYÉS—STATUTORY PROVISIONS.

   A railroad company was operating its road and using its track extending into different states, and was having repairs made on a track used for both interstate and intrastate commerce, and an employé, when injured, was assisting in repairing such track by shoveling dirt from between the ties of the track so used to carry interstate trains. *Held*, that both the company and the employé were engaged in interstate commerce, within the Employers' Liability Act.

   [Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. ☞27.]

At Law. Action by Frank Lombardo against the Boston & Maine Railroad. On motion to remand the cause to the Supreme Court of the state of New York, county of Saratoga, from which court it was removed by the defendant. Motion granted.

Leary & Fullerton, of Saratoga Springs, N. Y., for the motion.
Jarvis P. O'Brien, of Troy, N. Y., opposed.

RAY, District Judge. This is an action to recover damages for personal injuries alleged to have been received by the plaintiff, Frank Lombardo, an employé of the defendant, on or about the 16th day of

November, 1914, at Mechanicville, in the state of New York, while he was engaged and working as a laborer in a track gang and engaged at the time in repairing defendant's tracks at Mechanicville in the yards of the West Virginia Pulp & Paper Company at said place. The sixth subdivision of the complaint reads as follows:

"That on or about November 16, 1914, at about 8 a. m., while plaintiff was employed as a laborer in the track gang which was repairing defendant's tracks in the yard of the West Virginia Pulp & Paper Company, and while plaintiff was engaged in the performance of his duties at the aforesaid time and place, shoveling dirt from between the ties under the rails of said tracks, said place where plaintiff was working being a short distance south of a place where a steel or iron joint which holds two rails together was being broken by means of a large sledgehammer and a chisel, and while he was engaged in his duties aforesaid and in close proximity to where said joint was being broken, without fault or negligence on his part, but solely by reason of defendant's negligence hereinafter set forth, said Frank Lombardo was struck on the right side of his head and near the right ear by a large piece of steel or other metal from said joint, rail, or hammer, and received the injuries herein complained of."

Subdivisions 7 to 11, inclusive, set out acts of negligence in not providing a safe place for plaintiff in which to work, in failing to provide plaintiff with safe and proper tools and appliances, in failing to properly inspect the conditions surrounding the work in which plaintiff was engaged, in failing to make suitable rules and regulations, and in requiring plaintiff to engage and work in a dangerous occupation and failing to inform and instruct him as to the dangers of the employment. Mechanicville is many miles from the state line, and on the face of the complaint it appears that all alleged acts of negligence operating to produce the injury complained of were committed in the state of New York, where the plaintiff was injured. The accident was not connected with the running or operation of any train or engine.

The plaintiff is a citizen and resident of the state of New York. The defendant is a corporation of the state of Massachusetts, and owns and operates a railroad running into the state of New York and to Mechanicville, on and over which it carries freight and passengers in both interstate and intrastate commerce. It owns and maintains these tracks which so carry cars in both intrastate and interstate commerce, but the tracks which plaintiff was engaged in repairing were wholly in the state of New York, and here the negligence, if any, operated, and here the accident happened and the injuries were received.

The complaint alleges that the plaintiff, at the time he received his injuries, was engaged in interstate commerce; but the facts stated and alleged show that he was not so engaged unless it be that the employé of a railroad company which does both interstate and intrastate commerce, and which owns tracks extending into two or more states, over which it runs trains, is engaged in interstate commerce when engaged in repairing such tracks of such railroad company at a given point far from the state line, which repairs have no special reference to interstate commerce or business. The plaintiff was engaged in making repairs on the tracks of the defendant company, but there is nothing in the record to show that such repairs were being made for

the special purpose of running interstate trains or trains carrying interstate commerce.

[1] Section 28 of the Judicial Code (Act of March 3, 1911) provides for the removal of causes from the state courts to the federal courts, and provides generally:

(1) That "*any suit* of a civil nature, at law or in equity, arising under the Constitution or laws of the United States, * * * of which the District Courts of the United States are given original jurisdiction by this title [The Judiciary], which may now be pending or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district;" and (2) "*any other suit* of a civil nature, at law or in equity, of which the District Courts of the United States are given jurisdiction by this title [The Judiciary], and which are now pending, or which may hereafter be brought, in any state court, may be removed into the District Court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that state;" and (3) "where a suit is now pending, or may hereafter be brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state, *may remove such suit* into the District Court of the United States for the proper district, at any time before the trial thereof, *when it should be made to appear to said District Court that from prejudice or local influence he will not be able to obtain justice* in such state court, or in any other state court to which the said defendant may, under the laws of the state, have the right, on account of such prejudice or local influence, to remove said cause," etc.

Then follows in the same section the following provision:

"Whenever any cause shall be removed from any state court into any District Court of the United States, and the District Court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the District Court so remanding such cause shall be allowed: Provided, that no case arising under an act entitled 'An act relating to the liability of common carriers by railroad to their employés in certain cases,' approved April twenty-second, nineteen hundred and eight, or any amendment thereto, and brought in any state court of competent jurisdiction *shall be removed to any court of the United States.*"

Construed as it plainly reads, this proviso absolutely prohibits the removal of every cause arising under the act referred to, even when within the three classes of cases referred to and made removable by the prior provisions of the section. Section 28. That is, such a case (one arising under the Employers' Liability Act) cannot be removed into the United States court, even when the necessary diversity of citizenship and amount in controversy exists, or when these facts exist and it also appears that from prejudice or local influence, or both, the defendant will not be able to obtain justice in the state court. In view of the alleged absurdity of such a provision and distinction, it has been and is urged that the provision, properly construed and applied, means that cases arising under the federal Employers' Liability Act shall not be removed from the state court to the United States District Court for trial for the sole reason that they arise under a law of the United States, diversity of citizenship and requisite amount in controversy not being found; but that when diversity of citizenship and requisite amount in controversy exist, or when from prejudice or local influ-

ence justice cannot be obtained in the state court, cases arising under the federal Employers' Liability Act may be removed to the United States District Court. The proviso is general, and comes in at the end of the section, and is not in terms restricted in its application to the clause relating to suits of a civil nature arising under the Constitution or laws of the United States, and does not read:

"That no case arising under an act entitled * * * [a law of the United States] shall *for that cause or reason* be removed to any court of the United States."

In Van Brimmer v. Texas, etc., R. Co., 190 Fed. 394 (C. C., E. Dist. of Texas), it was held that a case arising under this federal Employers' Liability Act may be removed to the federal court if diversity of citizenship and requisite amount in controversy exist, or if on account of prejudice or local influence the defendant cannot obtain justice in the state court. Other cases hold that it was the purpose of Congress to forbid the removal of any case arising under the federal Employers' Liability Act and take these cases absolutely and entirely from the operation of the removal statutes. It is urged that it was the purpose of Congress, plainly expressed, to prohibit the removal of all cases arising under the act referred to to the federal court for trial and thus limit federal jurisdiction and at the same time secure to the injured employé a trial in the court of his own selection.

[2] It is settled, I think, that Congress has the right to provide for the removal of one class of cases from the state to the federal court for trial to the exclusion of other classes, even though suits arising under such excluded classes might be surrounded by local prejudices and influences of such character and extent as to forbid the defendant a fair trial in the state court. By section 24 of the Judicial Code (Comp. St. 1913, § 1006) the District Courts of the United States are given original jurisdiction of all suits of a civil nature, at common law or in equity, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (1) arises under the Constitution or laws of the United States, or (2) is between citizens of different states. Hence the federal court is given jurisdiction, regardless of the residence and citizenship of the parties to the suit, of every case brought under the federal Employers' Liability Act where the damages alleged and claimed exceed $3,000, but such jurisdiction is not exclusive, and the plaintiff may bring his action in the state court, as Congress has so expressly provided.

Then arises the question: May a case brought under the act referred to in a state court be removed into the District Court of the United States? This right of removal, if it exists, must have been conferred by some act of Congress. This right of removal, if it exists at all, is conferred by section 28 of the Judicial Code, read and construed as a whole, and from which must be deduced the policy and intention of Congress. It seems to me that if Congress had intended to leave any case, arising under the act referred to, removable to the federal court, it would have expressed or indicated such intention in some way, and would not have used the broad and comprehensive language it did at the very end of the section providing for the removal of causes, and which

section, as stated, is the only authority for such removal. It is, of course, difficult and to me impossible to spell out, surmise, or guess any good reason for denying to a defendant common carrier engaged in interstate commerce the right to have a case arising under the federal Employers' Liability Act, when diversity of citizenship and requisite amount in controversy, or local prejudice of the extent named, exist, tried in the federal court; but Congress has so decreed in plain language, and I discover no ground or theory on which the courts can make over the statute referred to. To broadly except that class of cases from the operation of the removal statute was clearly within the power and discretion of Congress. It seems to me that, if words not found in the proviso of the removal statute are to be written into and read as a part of it, limiting and restricting the meaning of the words now found therein, it should be done by Congress, and not by judicial legislation.

In Ex parte Roe, 234 U. S. 70, 34 Sup. Ct. 722, 58 L. Ed. 1217, the District Judge had followed Van Brimmer v. Texas Pac. R. Co., supra, and refused to remand the case. It was sought by mandamus to compel a remand. This was denied, the court holding that, if the ruling was erroneous, the place to correct such error was on appeal from a final judgment in the case. The ruling in the Van Brimmer Case was referred to in stating the action of the court below, but the holding in that case was neither approved nor disapproved, and the court said:

"We are not here at liberty to consider the merits of the question involved in the District Court's ruling."

[3] It has been decided by the Supreme Court of the United States (Pedersen v. D., L. & W. R. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153) that an employé of a railroad company which is engaged in both interstate and intrastate commerce, and uses its tracks and bridges for both kinds of commerce, is, when on foot and engaged in carrying bolts to be used in *repairing* such a bridge, engaged in interstate commerce. The court laid down the broad proposition (Justices Lamar, Holmes, and Lurton dissenting) that:

"One engaged in the work of maintaining tracks, bridges, engines, or cars in proper condition after they have become, and during their use as, instrumentalities of interstate commerce, is engaged in interstate commerce; and this, even if those instrumentalities are used in both interstate and intrastate commerce."

This, of course, settles the proposition that this plaintiff was engaged in interstate commerce when he received his injuries, as he was repairing a track used by defendant to carry both kinds of commerce The defendant was also engaged in interstate commerce, as it was operating its road and using its tracks and having repairs made at the time. See, also, St. Louis, San Francisco & Texas R. Co. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156, and North Carolina R. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159.

In Illinois Central Railroad Co. v. Behrens, Administrator, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163, it

is held that the particular service in which the employé is engaged at the time he receives his injury must be a part of interstate commerce; that is, that the work he is doing for the railroad company must be work in carrying on interstate commerce. Pedersen v. D., L. & W. R. R. Co., 229 U. S. 146, 33 Sup. Ct. 648, 57 L. Ed. 1125, Ann. Cas. 1914C, 153. The case also holds that, not only must the railroad company be engaged at the time in interstate commerce, but that the employé, as stated, must be engaged in work which is a part of interstate commerce. It was therefore held that an employé of a carrier, who was engaged on the switch engine in moving several cars, all loaded with intrastate freight, from one point in a city to another point in the same city, was not engaged in interstate commerce, as the the company was not at the time engaged in moving interstate commerce, and the employé was not. It was also held that the employé was not engaged in interstate commerce, for the reason his duty would call him to the movement of interstate commerce on the termination of the movement of the cars loaded with intrastate freight.

Having this case in view, the Circuit Court of Appeals in the Fifth Circuit, in Illinois Central R. R. Co. v. Rogers, 221 Fed. 52, 136 C. C. A. 530, held that an allegation in the petition that the railroad company was engaged in interstate commerce at the time of the accident did not sufficiently show that the engine which struck and injured the employé was engaged in interstate commerce at the time of the accident, and hence that there was no sufficient allegation that the defendant itself was engaged in interstate commerce at the time the employé was injured. The injured employé, who was injured and killed by being struck by an engine of the defendant, was at the time engaged in cleaning stencils which were used by the railroad company to mark cars owned and used by it in interstate commerce. The court held that this employé was not engaged in interstate commerce.

If the employé of a railroad company, in carrying bolts to repair a bridge over which both interstate and intrastate trains run, is engaged in interstate commerce, for the reason he is repairing or aiding to repair an instrumentality of interstate commerce (see Pedersen Case), it is difficult for this court to understand how or why it is that an employé of a railroad company who is cleaning for use and to make fit for use an instrumentality used to designate a car which is owned by the company and used by it in interstate commerce is not engaged in interstate commerce. In effect he is repairing an instrumentality used in interstate commerce, and, as the case shows, that instrumentality upon which he was at work, to wit, the stencils, was used by the company in interstate commerce only.

However, in view of this decision of the Circuit Court of Appeals, and conceding it to be good law, this court is of the opinion that the Pedersen Case controls, and that a person engaged in repairing the tracks of a railroad company is engaged in interstate commerce, even though the repairs consist in shoveling the dirt from between the ties under the rails of the tracks used to carry interstate trains. A laborer so employed is as much engaged in interstate commerce as another employé would be when engaged in carrying bolts or spikes to fasten the

rails to the ties, and one who carries spikes to fasten the rails to the ties which carry the tracks is as much engaged in interstate commerce as the man carrying bolts to repair the bridge which supports the rails that carry the trains in interstate commerce.

If this court had the power to amend the proviso to the removal statute, it would speedily do so, and establish the rule declared in the Van Brimmer Case, as it is of the opinion that such ought to be the law. It is a harsh rule to deprive carriers engaged in interstate commerce of the privilege of removing their cases to the federal courts for trial, when sued by an employé, when the necessary diversity of citizenship exists and the requisite amount is in controversy.

Construing the proviso quoted as my judgment tells me it should be and must be construed, and following the great weight of authority as to the construction to be given it, this court feels constrained, notwithstanding the Van Brimmer Case and the Rogers Case, above cited, to grant the motion to remand.