## ILLINOIS CENTRAL RAILROAD COMPANY *v.* PEERY.

### ERROR TO THE SUPREME COURT OF THE STATE OF MINNESOTA.

No. 77.   Argued November 7, 8, 1916.—Decided December 18, 1916.

Plaintiff was a conductor in charge of a train-service south and north between two stations in Kentucky, established chiefly because of southbound traffic which was more certain than the northbound and generally included freight bound beyond the State. The trips south and back were, however, distinct, and all freight obtainable was taken, either way. Having made the southward journey, carrying interstate freight, plaintiff was injured while returning with the same engine, caboose and crew, and with local freight only, and while writing his report for the round trip. *Held*, that the plaintiff was not employed in interstate commerce when injured, and the case, therefore, was not within the Federal Employers' Liability Act.

128 Minnesota, 119, reversed.

THE case is stated in the opinion.

*Mr. Blewett Lee*, with whom *Mr. W. S. Horton* was on the brief, for plaintiff in error.

*Mr. Samuel A. Anderson* for defendant in error, submitted.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought under the Federal Employers' Liability Act to recover for personal injuries caused by a rear end collision in Kentucky. The Railroad Company denied that the case was governed by the federal act, contending that the train upon which the plaintiff was moving was engaged in local business only, between two

points within the State. The issue was important as affecting the rules of law to be applied. At a second trial the judge intending to follow the previous decision of the Supreme Court of the State, 123 Minnesota, 264, ruled that the accident happened in interstate commerce and that the act of Congress governed the case. The defendant excepted and assigned as error that the court determined the matter of fact instead of leaving it to the jury in accordance with the intimation of the former decision, 123 Minnesota, 266, but the judgment was affirmed by the Supreme Court of the State. 128 Minnesota, 119.

We are of opinion that the ruling was wrong, as, we think, will be seen from a short statement of the facts. The plaintiff was a freight conductor on the defendant's road having his principal run from Paducah, south, to Fulton, both in Kentucky, and the same day back from Fulton, north, to Paducah. According to his testimony he took back the engine, caboose and crew with which he started and was allowed one hundred miles of mileage in compensation for the trip out and back. The train out generally and on this occasion had freight destined to beyond the limits of the State. That on the return depended on what could be picked up, the engine and caboose sometimes coming back alone. The accident happened when the engine was returning to Paducah, after having taken up a switch engine from the Fulton yards seemingly in need of repairs at the Paducah shops, and a pile driver and outfit on three flat cars, and having in the rear behind the last the plaintiff's caboose. The pile driver was dropped on the way, at Mayfield, and the train thereafter consisted of the two engines and the caboose. The plaintiff was sitting in the caboose making up a report of his trip out and back, when the collision occurred.

Of course the plaintiff treats the round trip as one, and the return as merely the necessary complement of the trip out. The conclusion is drawn that the plaintiff still

was engaged in interstate commerce because the train out had cars destined to Tennessee. But on the other hand the trips out and back were distinct, in opposite directions, with different trains. The plaintiff's journey was confined wholly to Kentucky. Only the circumstance that the southbound train from Paducah carried freight destined to beyond Fulton caused him to be engaged in interstate commerce while on that trip. On the return when he was injured all the freight had domestic destinations. It is true that the greater certainty of getting traffic going south probably was the chief reason for the establishment of the circuit; but they got what they could coming back, generally a train or a part of a train. It seems to us extravagant to subordinate the northerly to the southerly journey so completely that if on the latter there happened to be a parcel destined beyond the State; the conductor should be regarded as still engaged in commerce among the States when going from Fulton to Paducah even though he had a full train devoted solely to domestic commerce. For it must be remembered that if the northerly movement is regarded as the incident of the southerly, that subordination is independent of the character of the commerce, and depends solely on the fact that southerly moving business, no matter what, induced establishing the route. Therefore it does not matter that the interstate traffic moving south was greater than, for purposes of illustration, we have supposed.

*Judgment reversed.*