## CHUNES v. DULUTH, W. & P. RY. CO.

(District Court, D. Minnesota, Third Division.   April 10, 1923.)

1. **Pleading** ⊜⇒34(4)—**Doubts resolved against pleader in determining whether cause of action under statute stated.**

On motion to remand to state court on ground that action is brought under federal Employers' Liability Act (Comp. St. §§ 8657–8665), it will be presumed against pleader that he stated the facts as favorable to his client as the truth would warrant, and, if matter is left in doubt, the doubt ought to be resolved against the pleader.

2. **Removal of causes** ⊜⇒25(1)—**Specific facts held to control general allegations.**

In determining whether complaint states cause of action under federal Employers' Liability Act (Comp. St. §§ 8657–8665), so as to prevent removal to federal court, allegation that defendant was engaged in commerce between the states, etc., and that plaintiff was employed by it in such commerce, is controlled by specific facts alleged, showing that plaintiff was not engaged in interstate commerce.

3. **Commerce** ⊜⇒27(8)—**Section hand directed to take local train back to his headquarters held not engaged in interstate commerce.**

Member of railroad section gang, assisting in clearing snow from tracks between two points within the state, over which interstate commerce moved generally, and then directed to take local freight train back to headquarters of the gang, was not engaged in interstate commerce in attempting to board such train.

4. **Removal of causes** ⊜⇒107(4)—**Motion to remand denied in case of doubt.**

When question whether facts alleged in complaint state cause of action within federal Employers' Liability Act (Comp. St. §§ 8657–8665) is doubtful, motion to remand to state court will be denied.

At Law.   Action by George Chunes against the Duluth, Winnipeg & Pacific Railway Company.   On motion to remand to state court.   Motion denied.

The above-entitled matter came before the court on a motion on behalf of the plaintiff to remand the same to the state court on three grounds:

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(1) That the complaint and record in said cause do not present a cause removable under the statute and laws of the United States from said state court.

(2) That said cause was improperly and unlawfully removed from said state court.

(3) That said United States District Court has no jurisdiction of said cause of action to hear and determine the same.

Dahl & McDonald, of Minneapolis, Minn., for plaintiff.

H. V. Mercer, of Minneapolis, Minn., for defendant.

McGEE, District Judge.- This is a personal injury action commenced in the district court of Dakota county, Minn., on the 20th day of March, 1923, in which the plaintiff seeks to recover damages from the defendant for injuries alleged to have been sustained by him while in the employ of the defendant at Bartlett, Minn., on the 15th day of February, 1923.

The defendant caused the action to be removed to this court on the ground of diverse citizenship of the parties.

The plaintiff moves to remand the case to the state court on the following grounds:

(1) That the complaint and record in said cause do not present a cause removable under the statute and laws of the United States from said state court.

(2) That said cause was improperly and unlawfully removed from said state court.

(3) That said United States District Court has no jurisdiction of said cause of action to hear and determine the same.

While three separate grounds for the motion to remand are stated, the second and third depend upon the first, which is that the case stated in the complaint is one arising under the federal Employers' Liability Act (Comp. St. §§ 8657–8665), and hence, by the terms of that act, is not removable from the state court to this court.

Opposing the motion to remand, the defendant contends that the complaint, on its face, does not state facts which bring the case within the provisions of the federal Employers' Liability Act.

[1] I am satisfied that this point is well taken. It ought to be presumed as against the pleader that he has stated the facts as favorably to his client as the truth will warrant. If the matter is left in doubt by the allegations of the complaint, the doubt should be resolved against the pleader. I C. R. R. v. Rogers (5 C. C. A.) 221 Fed. 52, 136 C. C. A. 530.

It is true that the first paragraph of the complaint alleges:

"That the defendant is and during all of the times hereinafter mentioned was and is a foreign corporation, duly organized, created and existing under and by virtue of the laws of the state of Maine, as plaintiff is informed and believes, and as such, engaging in the business of commerce between the several states and territories of the United States and the Dominion of Canada, and foreign countries, as a common carrier by railroad, and that at the time this plaintiff was injured, as hereinafter alleged, said defendant was engaged in interstate commerce, and that plaintiff was employed by it in such commerce."

This precise point was considered by the court in the Rogers Case, above cited, and decided adversely to the position taken by the plaintiff in this action. In that case the court said:

"Nor (2) do we think the mere allegation that the railroad company was engaged in interstate commerce is sufficient to authorize the holding that, at the time the defendant in error was injured, the offending engine was engaged in such commerce. To justify the application of the act, the pleadings should affirmatively show, as we have intimated, that both the defendant in error and the engine were so engaged when the injury was inflicted."

An examination of the complaint will disclose that the only reference in it to interstate commerce is that found in the concluding lines of the first paragraph above set forth.

Briefly, the facts stated in the complaint are:

That the plaintiff was a member of a section gang in the employ of the defendant at Nopeming, Minn., and with the other members of the section gang at about 7:35 in the forenoon of the 15th day of February, 1923, was ordered by the defendant to leave Nopeming "and work that day upon a snow plow which was proceeding from Nopeming in a northwesterly direction, and toward Bartlett, in the state of Minnesota, to assist said defendant in clearing the snow off from said main line track, in order that passenger trains, freight trains, and other of defendant's trains might pass over said track; that said plaintiff did work upon said snow plow, assisting said defendant in clearing the snow from said track, until about 12:30 in the afternoon of said day, when said snow plow upon which plaintiff was working reached Bartlett, within the state of Minnesota, and at said place said plaintiff was ordered by said defendant to leave said snow plow and take a local freight train back to Nopeming with other members of said section crew that were assisting said defendant on said snow plow. and by reason of such directions said plaintiff did leave such snow plow at Bartlett for the purpose of taking a local freight train back to Nopeming."

The complaint then alleges that the plaintiff went to a warming house or station at Bartlett to await the arrival of the local freight train, on which he was to journey as a passenger back to Nopeming; that after waiting some time, the train approached, slowed down, plaintiff attempted to get upon it, but was unsuccessful in his efforts and was seriously injured. To recover for the injuries so sustained this action is brought.

The question is not presented, and therefore it is unnecessary to decide, whether, on the up trip, the plaintiff was engaged, and the railroad equipment he accompanied was employed, in interstate commerce, for the reason that his injuries were not sustained on the up trip, but were received after that trip had ended, and while he was attempting to take a local freight train back to Nopeming.

The case, in its facts, is on all fours with the case of I. C. R. R. v. Peery, 242 U. S. 292, 37 Sup. Ct. 122, 61 L. Ed. 309. It will be noted that there is no attempt in the complaint to allege that the local freight train on which the plaintiff was to return to Nopeming, and on which he was injured, was engaged in interstate commerce. The two points between which he traveled—Nopeming and Bartlett—are within the state of Minnesota.

In the Peery Case, it was customary for the plaintiff, a conductor, to make the round trip daily, moving a freight train with interstate

freight from Paducah to Fulton, on its journey out of Kentucky and through Tennessee, returning from Fulton each day with cars picked up on the way, if any were found destined northward. On the day of the accident there were no cars to be taken north, but there was a pile driver and a switch engine in need of repairs, which were attached to the engine and with the caboose made up the return train, with the plaintiff in charge as conductor.

The Supreme Court of Minnesota held that the plaintiff in error, Peery, was engaged in interstate commerce on the return trip, and therefore his case was within the provisions of the federal Employers' Liability Act, and sustained a recovery. The case was removed to the Supreme Court of the United States and was reversed. The court said:

> "The accident happened when the engine was returning to Paducah, after having taken up a switch engine from the Fulton yards seemingly in need of repairs at the Paducah shops, and a pile driver and outfit on three flat cars, and having in the rear behind the last the plaintiff's caboose. The pile driver was dropped on the way, at Mayfield, and the train thereafter consisted of the two engines and the caboose. The plaintiff was sitting in the caboose making up a report of his trip out and back, when the collision occurred.
>
> "Of course, the plaintiff treats the round trip as one, and the return as merely the necessary complement of the trip out. The conclusion is drawn that the plaintiff still was engaged in interstate commerce because the train out had cars destined to Tennessee. But, on the other hand the trips out and back were distinct, in opposite directions, with different trains. The plaintiff's journey was confined wholly to Kentucky. Only the circumstance that the southbound train from Paducah carried freight destined to beyond Fulton caused him to be engaged in interstate commerce while on that trip. On the return when he was injured all the freight had domestic destinations. It is true that the greater certainty of getting traffic going south probably was the chief reason for the establishment of the circuit; but they got what they could coming back, generally a train or a part of a train. It seems to us extravagant to subordinate the northerly to the southerly journey so completely that if on the latter there happened to be a parcel destined beyond the state, the conductor should be regarded as still engaged in commerce among the states when going from Fulton to Paducah even though he had a full train devoted solely to domestic commerce. For it must be remembered that if the northerly movement is regarded as the incident of the southerly, that subordination is independent of the character of the commerce, and depends solely on the fact that southerly moving business, no matter what, induced establishing the route. Therefore it does not matter that the interstate traffic moving south was greater than, for purposes of illustration, we have supposed."

In the instant case the complaint shows that the plaintiff's journey to Bartlett and return did not take him out of the state. His complaint alleges that the train on which he sought to return was a "local freight train," from which it might be inferred that it was "local" to the state in which it was operating. It is true the complaint alleges, as hereinbefore stated in the concluding lines of its first paragraph:

> "That at the time that plaintiff was injured as hereinafter alleged, said defendant was engaged in interstate commerce, and that plaintiff was employed by it in such commerce."

[2, 3] The specific facts alleged in the complaint, and they control its general allegations, show that the plaintiff was not engaged in interstate commerce at that time. The general allegation that, at the

time of the accident, the defendant was engaged in interstate commerce, is susceptible of a construction consistent with the truth, namely, that on its lines interstate commerce was moving generally; but the question involved here is whether at the time and place of the accident the train which caused the accident and the plaintiff were both engaged in interstate commerce. The duty rested upon the plaintiff to affirmatively allege this as a fact if it was a fact, but the complaint contains no such allegation.

Having given the matter careful thought, I am not able, in the light of the latest expressions of the federal courts on the subject, to reach the conclusion from the allegations of the plaintiff's complaint that at the time he was injured either the train which he was seeking to enter for the return trip from Bartlett to Nopeming or the plaintiff, himself, was engaged in interstate commerce.

The case of I. C. R. R. v. Peery, supra, is decisive of the pending motion and disposes of it adversely to the plaintiff. See, also, I. C. R. R. v. Behrens, 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163; I. C. R. R. v. Rogers (5 C. C. A.) 221 Fed. 52, 136 C. C. A. 530; Boyle v. Pennsylvania R. Co. (3 C. C. A.) 228 Fed. 266, 142 C. C. A. 558.

[4] If it were conceded that the question whether the facts alleged in the complaint state a cause of action within the provisions of the federal Employers' Liability Act were a doubtful one, then, under the practice prevailing in this circuit, the motion should be denied. Boatmen's Bank v. Fritzler (8 C. C. A.) 135 Fed. 650, 68 C. C. A. 288; Drainage Dist. v. C., M. & St. P. Ry. (W. D. Mo.) 198 Fed. 253; Strother v. U. P. Ry. Co. (W. D. Mo.) 220 Fed. 731; In re Mississippi Power Co. (E. D. Iowa) 241 Fed. 194.

The motion to remand is denied.