## HARPER v. ILLINOIS CENT. R. CO.

### No. 387.

District Court, W. D. Kentucky,
Paducah Division.

Aug. 5, 1946.

Robert B. Reed and David R. Reed, both of Paducah, Ky., for plaintiff.

Wheeler, Marshall & Shelbourne, of Paducah, Ky., for defendant.

MILLER, Circuit Judge (sitting by designation).

This action is before the Court on plaintiff's motion to remand.

The petition, filed in the McCracken Circuit Court of Kentucky, seeks to recover approximately $48,000 for injuries suffered by the plaintiff while working for the defendant, Illinois Central Railroad Company. It states that the plaintiff is a citizen of McCracken County, Kentucky, that at the time of the injury he was employed by the Railroad Company, that his injuries were caused by the negligence of the Railroad Company, and concludes with the statement "that the employer was at all times engaged in interstate commerce and that at the time of his said injuries they were so engaged." The defendant by its petition for removal stated that it was a corporation under the laws of the State of Illinois and asked for removal on the ground of diversity of citizenship and amount in controversy. The state court ordered the removal. Following removal, the plaintiff filed an amended petition in the United States District Court which stated that at the time of his injury "he was throwing a switch which regulated the movement of a train moving in interstate commerce." At the same time he filed the motion to remand.

■■ Section 56, Title 45 U.S.C.A., Federal Employers' Liability Act, provides that an action for damages under the Act may be brought in a District Court of the United States, the jurisdiction of which shall be concurrent with that of the courts of the several states, and "no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." Accordingly, if the present action is one under the provisions of the Federal Employers' Liability Act it should not have been removed and should now be remanded. However, it is well settled that in order for an employee of a railroad to recover under the provisions of the Act it is necessary that the employee be engaged in interstate commerce at the time of his injury. It is not sufficient that the railroad company be engaged in interstate commerce, but it is necessary that the petition allege that the employee was so engaged at the time of his injury. Illinois Central Co. v. Behrens, 233 U.S. 473, 34 S.Ct. 646, 58 L.Ed. 1051, Ann.Cas.1914C, 163; Illinois Central R. Co. v. Rogers, 5 Cir., 221 F. 52; Todd v. Chicago M. & St. P. R. Co., D.C., 291 F. 910. If the allegations of the petition do not so state, the action is a removable one if the other essential conditions for removability exist. Chunes v. Duluth W. & P. R. Co., D.C., 292 F. 153; Thomas v. Chicago & N. W. R. Co., D.C., 202 F. 766. The allegations of the petition are not entirely clear. The use of the phrase *"they* were so engaged" is ambiguous. However, we believe it is correctly construed as referring to the employer. Nor does the petition allege that although the employer was "so engaged," the plaintiff was also at that particular time so engaged. The ambiguity in the pleading is resolved against the pleader. Chunes v. Duluth W. & P. R. Co., supra (D.C., 292 F. 153, at page 154). The action was accordingly correctly removed to the U. S. District Court.

■■ The plaintiff's amended petition, filed in the District Court, corrected the defect above referred to and brought the action within the provisions of the Act. But the jurisdiction already acquired by the Federal Court is not divested by this later pleading. The right to remove is controlled by the pleadings at the time the petition to remove is filed. Subsequent amendments do not oust the Court of jurisdiction. St. Paul Indemnity Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S.Ct. 586, 82 L.Ed. 845. In any event, in the present case, jurisdiction of the District Court exists by virtue of the statute itself, and such jurisdiction is not destroyed by the amendment. Having been properly removed to the District Court and jurisdiction there continuing to exist, the motion to remand is necessarily overruled.