LEE v. TOLEDO, ST. L. & W. RY. CO.

(District Court, E. D. Illinois. February 13, 1912.)

REMOVAL OF CAUSES (§ 3*)—CASES ARISING UNDER EMPLOYER'S LIABILITY ACT.

Under section 28 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094), which defines removable cases, and concludes with the proviso that no case arising under Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1171), or any amendment thereto, shall be removed to a federal court, the right of removal does not exist in cases arising under the act mentioned in the proviso.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 3.*]

At Law. Action by Mary E. Lee, administratrix, against the Toledo, St. Louis & Western Railway Company. On motion to remand to state court. Motion granted.

H. A. Neal and S. S. Anderson, for plaintiff.
C. E. Pope and H. M. Steely, for defendant.

WRIGHT, District Judge. This suit is brought under Employer's Liability Act April 22, 1908, as amended by Act April 5, 1910, c. 143, 36 Stat. 291, for causing the death of plaintiff's intestate, and now comes before the court upon the plaintiff's motion to remand to the state court. The cause was removed to this court from the state court upon the sole ground of diversity of citizenship, and the single point is made, in support of the motion to remand, that the amendment to the employer's liability act of date April 5, 1910, provides that no case arising under said act and brought in any state court of competent jurisdiction shall be removed to any court of the United States. And this is also contained in the new Judicial Code.

If the cause of action here had arisen in any other manner than under the employer's liability act, no doubt exists that the cause would be removable to this court because of the diversity of citizenship of the parties; but it has been argued that the amendment to

which reference has been made has taken from every defendant right of removal for any cause, where the cause of action arises as this one does.

This identical question was before the court and decided in the case of Van Brimmer v. Texas & P. Ry. Co. (C. C.) 190 Fed. 394, and it was there held that Congress only intended to say, by the amendment of April 10, 1910, that the act alone should not give a defendant the right of removal of a cause of action brought originally in the state court, and that there was no intention to destroy or withhold the right of removal which a defendant might have by virtue of some other provision of the law. The reasoning of the court in that case is so apt and convincing that it cannot be well improved upon, and but for the subsequent legislation by Congress, contained in the Judicial Code of March 3, 1911, I would be disposed to adopt and apply the same in this case, and hold that Congress intended to prohibit only the removal of cases brought in a state court under the employer's liability act, because it is a law of the United States.

By section 28 of the Judicial Code of March 3, 1911, in force January 1, 1912, Congress have defined removable cases, and given the right to remove them to this court when brought in a state court of competent jurisdiction, and in the general definition of such cases the present case falls in two independent conditions, being a case at law arising under the laws of the United States, and also being between citizens of different states; and but for the proviso at the close of the section the case would be removable to this court without question. The proviso is as follows:

"That no case arising under an act entitled 'An act relating to the liability of common carriers by railroad to their employés in certain cases,' approved April 22, 1908, or any amendment thereto, and brought in any state court of competent jurisdiction, shall be removed to any court of the United States."

By adding this proviso to the general law, as was done by Congress, defining removable cases, and giving the right to a removal thereof, the general right of removal defined in the enacting part of the section was thus limited, generally throughout the section in each class of cases defined, and whenever a case arising under the liability act falls in any class of cases subject to removal, it is by force of the provisions of the proviso excepted from such right of removal. The language of the proviso is that no case arising under the act in question shall be removed, and such reference to "no case," being contained in the same section creating the right, is all-embracing, and cannot well be limited, so as not to include every case described in the section, as I think might well be done, and was properly done in the case cited, the Code not then being in force, when found in the special act alone.

I am persuaded that under the provisions of section 28 of the Judicial Code, considered as a whole, including the proviso, the right of removal does not exist in cases arising under the act mentioned in the proviso of that section.

It may be difficult to assign a reason for a discrimination in cases

of this nature, but the courts have no concern in this regard, while Congress, possessing the power, as they undoubtedly do, may grant the right of removal in such cases as may to them seem proper, or withhold such right in every case. The right of removal from a state court of concurrent jurisdiction to a United States court is a legislative creation alone, and the courts can act only within and in conformity to the provisions of such legislation. The question is not one of jurisdiction, but of the right of removal from a court of competent jurisdiction to another of concurrent jurisdiction.

Entertaining the views expressed, it follows that the motion to remand to the state court should be allowed; and it is so ordered accordingly.