### RICE v. BOSTON & M. R. R.

(District Court, N. D. New York. March 17, 1913.)

REMOVAL OF CAUSES (§ 3*)—REMANDING—EMPLOYER'S LIABILITY ACT.

Where a complaint for injuries to an employé of an interstate railroad alleged facts which might warrant a recovery either at law, under a statute of Massachusetts, or under the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), such complaint having been held by the New York state courts to state but a single cause of action based on several grounds of liability, a removal of the action to the federal courts for diversity of citizenship could not be sustained; the cause of action, so far as it depended on the Employer's Liability Act, being nonremovable, as expressly provided by section 28 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 141]).

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. § 3.*]

At Law. Action by Ronald J. Rice against the Boston & Maine Railroad, involving a cause of action for injuries under the federal Employer's Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]). On motion to remand cause, same having been removed to the federal court from the Supreme Court of the state of New York, where commenced. Granted.

Leary & Fullerton, of Saratoga Springs, N. Y., for the motion.
Jarvis P. O'Brien, of Troy, N. Y., opposed.

RAY, District Judge. In this case there is the necessary diversity of citizenship and amount in controversy to warrant removal to and retention of the case in the federal court, but the plaintiff insists it is a case arising under the federal act of April 22, 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1911, p. 1322]), "An act relating to the liability of common carriers by railroads to their

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

employés in certain cases," and that it lawfully could not have been removed from the Supreme Court of the state, and must be remanded.

Section 28 (chapter 3, "District Court, Removal of Causes") of the Judicial Code of the United States (Act March 3, 1911, c. 231, 36 Stat. 1094 [U. S. Comp. St. Supp. 1911, p. 141]), after providing for the removal of causes, says:

"Provided that no case arising under an act entitled 'An act relating to the liability of common carriers by railroad to their employés in certain cases,' approved April twenty-second, nineteen hundred and eight, or any amendment thereto, and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

The plain reading and effect is to prohibit the removal of a case arising under that act into the federal court. The complaint in this action states facts showing a cause of action under the federal act referred to; but it goes further, and states facts not necessary to the statement of a cause of action under the federal act, and which make out a liability of defendant at common law, and also under an act of the Legislature of the state of Massachusetts. The result is that, if the case is remanded as the pleadings stand, the plaintiff at the trial in the state court may not find it necessary to make out a cause of action under the federal act, one not removable, but may prove a cause of action sustainable at common law, or one under the Massachusetts statute, etc., a removable cause of action, and prevail on that cause of action, thus depriving the defendant of the right to remove as to such a cause of action to the federal court and have the case on that issue tried there. In short, by pleading facts bringing the case within the federal act, and facts bringing the case within the common-law liability, and facts bringing it within the state statute liability, not necessary to be alleged or proved to make a case under the federal act (and the facts alleged bringing it within the federal act not being necessary to the cause of action under the common law or state statute), in the state court, the plaintiff may succeed on either one of three theories; that is, he may abandon all pretense that the case is within the federal act and yet succeed. By artful pleading he defeats removal.

This question of removal has been up in the following cases: Van Brimmer v. Texas & P. R. Co. (C. C.) 190 Fed. 394; Symonds v. St. Louis & S. F. R. Co. (C. C.) 192 Fed. 353; Lee v. Toledo, St. L. & W. R. Co. (D. C.) 193 Fed. 685; Hulac v. Chicago & N. W. R. Co. (D. C.) 194 Fed. 747; McChesney v. Ill. Cent. R. Co. (D. C.) 197 Fed. 85; Ullrich v. New York, N. H. & H. R. Co. (D. C.) 193 Fed. 768. The Ullrich Case is nearest in point here, and assumes that three causes of action are pleaded, which under the New York Code seems not to be the case. See later.

If, on the trial in the state court, the plaintiff shall abandon the theory that the case arose under the federal act, or shall fail to show a case within that act, and that court has power at once to send the case back to the federal court, the rights of the defendant to removal will be protected and preserved. However, it is plain the New York courts cannot do this. Section 29, Judicial Code of the United States. In Payne v. N. Y. S. & W. R. R. Co., 201 N. Y. 436, 95 N. E. 19, the Court of Appeals (New York) has held in effect that this complaint

states but a single cause of action, although based on three several grounds of liability, viz., the federal statute, the common-law liability, and the Massachusetts statute. The syllabus of the case is as follows:

"In an action to recover damages for personal injuries claimed to have been caused by the negligence of defendant, the plaintiff may allege in a single cause of action all the facts which he claims contributed to or caused the accident.

"Where a complaint in such an action sets forth facts which would render a defendant liable to an injured employé under the common law, and also under a state employer's liability statute, as well as a federal statute to the like effect, there is but a single cause of action stated, although based on several grounds of liability, and the plaintiff may not be compelled to separately state and number the facts relied upon to support an action on each ground of liability as a separate and distinct cause of action."

It follows, it seems to me, that this court cannot compel the plaintiff to elect, as a condition of remanding, that he will at the trial stand on the federal act. This court cannot regulate pleading in an action at law contrary to the decisions of the Court of Appeals of the state of New York as to the meaning and effect of the Code of Civil Procedure of that state regulating pleadings in the state court, and which practice must be followed, so far as may be in all actions at law, in the United States court.

Can the federal court change the rule of the Payne Case to protect the right of removal? As under the New York Code of Civil Procedure the plaintiff has stated but a single cause of action (Payne v. N. Y. S. & W. R. R. Co., supra), founded on three grounds of liability, the federal act, the state act, and the common-law right, and has alleged that the defendant, with its train, was engaged in interstate commerce, and that plaintiff, at the time of receiving the injury complained of, was in its employ on such train, and also engaged in interstate commerce, the cause must be remanded. As the pleading is proper under the New York Code and decisions, and states but a single cause of action, and this court is dealing with a case brought in the courts of the state of New York, and a cause of action properly pleaded under the procedure of the courts of that state, I do not see that this court can impose any condition on remanding the case. It seems to me the state court, when it comes to deal with the case at the trial, will treat it as one arising under the federal act, and that, if the plaintiff fails to show that it arose under that act—that is, that the plaintiff and defendant were engaged in interstate commerce at the time of the injury complained of—it will dismiss the case. In short, it would seem that the state court ought to hold the plaintiff to proof of the allegations necessary to bring the case within the federal act, and not allow a recovery unless he does.

But this court cannot direct or control the action of the state court, and should not attempt to do so. Neither can it regulate or control a pleading properly framed in an action commenced in that court. It is presumed that the state court, so far as it can, will do everything necessary to protect the rights of the defendant, and not allow its forms of pleading to be used to deprive a defendant of the substantial right to remove a cause to the federal court for trial, when that case turns out to be a removable one, and removal was attempted and defeated

at the instance of the plaintiff, for the reason the plaintiff, by pleading and assertion, had declared it to be one within the federal act. It may be that some further legislation will be deemed wise and necessary; but, if the New York courts hold that with the "several grounds of liability" pleaded it is still "a single cause of action," and one under the federal act, the plaintiff will be held to proof bringing it within that act, and as a result removal will be defeated in the excepted case only, and properly.

Motion to remand granted.