## STROTHER v. UNION PAC. R. CO.

(District Court, W. D. Missouri, W. D. March 1, 1915.)

### No. 4222.

1. REMOVAL OF CAUSES ⬳3—STATUTORY PROVISIONS—ACTIONS UNDER EM- PLOYERS' LIABILITY ACT—"CASE."

Within Employers' Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66, as amended by Act April 5, 1910, c. 143, § 1, 36 Stat. 291 (Comp. St. 1913, § 8662), providing that no case arising under that act and brought in any state court shall be removed to any court of the United States, "case" means cause of action; and this is true, though the petition in the same count states facts disclosing a good cause of action under a state statute or at common law.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. ⬳3.

For other definitions, see Words and Phrases, First and Second Series, Case.]

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. REMOVAL OF CAUSES ⬠➡50—JOINDER OF CAUSES OF ACTION—TIME FOR RE-
MOVAL.

 Under Employers' Liability Act, § 6, where a petition contained two
counts stating causes of action under that act and under the state law
for the death of an employé, and the necessary diversity of citizenship
existed to make the cause of action under the state law removable, de-
fendant could remove such cause of action, without waiting until plaintiff
elected at the trial to rely on the cause of action under the state law,
and such removal carried the entire case with it, as the provision against
removal of causes under the Employers' Liability Act is a privilege which
plaintiff may waive, and defendant could not be deprived of its right
to remove the cause of action under the state law by the joinder of
the irremovable cause of action.

 [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 100;
Dec. Dig. ⬠➡50.]

3. REMOVAL OF CAUSES ⬠➡102—REMANDING—DOUBTFUL CASES.

 Where the right to remove a case which has been removed to the fed-
eral court is doubtful, the federal court will retain jurisdiction.

 [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 218–
220, 223, 224; Dec. Dig. ⬠➡102.]

At Law. Action by Samuel B. Strother, administrator of Matt
Kobetitsch, deceased, against the Union Pacific Railroad Company.
On motion to remand to the state court. Motion denied.

C. W. Prince, of Kansas City, Mo., for plaintiff.
Watson, Watson & Alford, of Kansas City, Mo., for defendant.

VAN VALKENBURGH, District Judge. The above-entitled action
was commenced in the circuit court of Jackson county, Mo., at Kansas
City. On petition of defendant it was removed to this court. Plaintiff
now moves to remand the case, on the ground that under section 6 of
the Employers' Liability Act (36 Stat. 291, c. 143), the removal is not
permitted. Said section 6 is as follows:

 "Under this act an action may be brought in a Circuit Court of the United
States, in the district of the residence of the defendant, or in which the
cause of action arose, or in which the defendant shall be doing business at
the time of commencing such action. The jurisdiction of the courts of the
United States under this act shall be concurrent with that of the courts of
the several states, and no case arising under this act and brought in any
state court of competent jurisdiction shall be removed to any court of the
United States."

The complainant in the first count states a cause of action arising
under the federal Employers' Liability Act, and in the second count one
arising under the statutory law of the state of Kansas. Each count
declares upon the same physical injury, which resulted in death. This
suit was instituted by complainant as administrator of the estate of the
deceased. Said administrator is a citizen and resident of the Western
division of the Western district of Missouri. Defendant is a corpora-
tion duly organized and existing under the laws of the state of Utah.

 [1] The statute above quoted provides that no case arising under the
Employers' Liability Act and brought in any state court of competent
jurisdiction shall be removed. By "case" is, of course, meant cause
of action; and this is true, although the petition in the same count may
state facts disclosing a good cause of action under a state statute or

at common law. Missouri, Kansas & Texas Railroad Company v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; Wabash Railroad Company v. Hayes, 234 U. S. 86, 34 Sup. Ct. 729, 58 L. Ed. 1226; Ullrich v. New York, New Haven & Hartford Railroad Company (D. C.) 193 Fed. 768. If at the trial the proofs demonstrate that the injury arose outside of interstate commerce, and, therefore, that no recovery could be had under the federal act, the declaration may be amended, or regarded as amended, to conform to the proofs, and a recovery permitted under the statutory or common law, if the petition contains the necessary allegations. In such case, it is intimated that the plaintiff may not deprive the defendant of a right of removal otherwise existing, although whether that relief should be granted in the court below, if seasonably urged, or in the appellate court, if the point be preserved, or in both such courts, is left undecided. Wabash Railroad Company v. Hayes, supra. Enough is said, however, to indicate the recognition of a right to such relief.

[2] If a cause of action arising under the federal act is coupled with one arising under a state statute or at common law, stated in the alternative in separate counts, the plaintiff preserving the right, under recognized rules of local procedure, to make his election and avail himself of either at the close of the evidence, the right of removal is presented more baldly at the threshold of the case. There is present at the same time a case arising under the federal act, and therefore, standing alone, not removable, and one not arising under that act, and therefore, the citizenship being diverse, admittedly susceptible of being removed. Must the defendant await the action of the plaintiff at the close of the evidence before claiming the right, and, if so, is his relief then clear and complete? The Supreme Court has thus far refrained from settling such procedure, although it has intimated that the defendant should not necessarily be deprived of relief.

It rests with the plaintiff to determine whether he shall state a cause of action solely under the Employers' Liability Act, and therefore incapable of being removed, or whether he may unite with it, in the alternative, a cause of action that may be removed. If he adopts the latter course, does he not subject himself to the exercise of all the rights which a defendant may legitimately claim? Beyond question both causes of action are cognizable in the federal court, whether originally brought there or removed by consent. The provision against removal is a privilege granted to the plaintiff, which he may waive. If a cause of action containing all the elements of removability be joined with a count stating a cause of action not originally cognizable in the federal court, nevertheless the defendant may remove the former cause of action, and this will carry the entire case with it. Sharkey v. Port Blakely Mill Co. (C. C.) 92 Fed. 425. The defendant cannot be shorn of his right to remove the former action because of such a joinder, and inasmuch as the plaintiff should and has joined in one petition all causes of action arising out of the same transaction, the removal should not, and does not, have the effect of splitting such causes, retaining one in the federal court, and remitting the other to the state court. I do not think the prohibition against removal contained in the federal act is

of greater force than the denial in the Judiciary Act of the right to bring a suit, otherwise cognizable in a federal court, in a specific jurisdiction. It is conceded that the latter inhibition may be waived, and so equally may the former.

[3] I am of opinion that this entire cause of action, as presented by the pleadings, is removable; but if the question be regarded as doubtful in the present condition of the decided cases, nevertheless under the rule prevailing in this circuit the jurisdiction should be retained. Boatmen's Bank v. Fritzlen, 135 Fed. 650, 68 C. C. A. 288.