FLAS v. ILLINOIS CENT. R. CO.

(District Court, D. Nebraska, Omaha Division. February 5, 1916.)

No. 425.

1. REMOVAL OF CAUSES ⊚⟺3—JOINDER OF CAUSES—ACTIONS UNDER EMPLOY-ERS' LIABILITY ACT.

Where a plaintiff, suing for personal injuries, alleged in one count a cause of action under the federal Employers' Liability Act (Act April 22. 1908, c. 149, 35 Stat. 65, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 [U. S. Comp. St. 1913, §§ 8657–8665]), and in another count a cause of action arising under the common law and state statutes, but the subject of each count was the same injury, the action was removable to a federal court, notwithstanding section 6 (section 8662) of such act, pro-viding that no case arising thereunder and brought in any state court of competent jurisdiction shall be removed to any court of the United States, as only a portion of the action arose under the Employers' Liability Act.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. ⊚⟺3.]

2. REMOVAL OF CAUSES ⊚⟺3—JOINDER OF CAUSES—ACTIONS UNDER EMPLOY-ERS' LIABILITY ACT.

Within Employers' Liability Act, § 6 (section 8662), providing that no case arising thereunder shall be removed to any court of the United States, the "case" referred to is what plaintiff makes it in good faith by his petition.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. ⊚⟺3.]

At Law. Action by Charles Flas against the Illinois Central Rail-road Company. On motion to remand. Motion denied.

John W. Battin, of Omaha, Neb., for plaintiff.

William Baird & Sons, of Omaha, Neb., and Helsell & Helsell, of Ft. Dodge, Iowa, for defendant.

MUNGER, District Judge. [1] Plaintiff brought an action in the state court for personal injuries sustained by him, and his petition contained two counts. The first count sets forth a cause of action un-der the Employers' Liability Act of Congress (35 Stat. 66; 36 Stat. 291), and the second count sets forth a cause of action arising under the common law and state statutes, but the subject of each count is the same injury. The statutes of this state permit two such causes of action to be joined in the petition. Section 7657, Rev. Stats. Neb. 1913.

A petition for removal was filed, and the cause is now presented on a motion to remand the case. Each count of the petition sets forth a cause of action of which this court would have jurisdiction, if a suit had been begun in this court by a petition setting forth the facts re-lied upon in that count. The suit is therefore removable to this court, unless forbidden by section 6 of the Employers' Liability Act, which provides that:

"No case arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

[2] The "case" referred to is what plaintiff makes it, in good faith, by his petition. Mountain View Min. & Mill. Co. v. McFadden, 180 U. S. 533, 21 Sup. Ct. 488, 45 L. Ed. 656; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870; Cella v. Brown, 144 Fed. 742, 75 C. C. A. 608. Because his good faith is presumed, it has been held that a single count, which states facts sufficient to make a case either under the act of Congress or under the state statutes and common law, states a case arising under the act of Congress. Ullrich v. New York, N. H. & H. R. Co. (D. C.) 193 Fed. 768; Rice v. Boston & M. R. R. (D. C.) 203 Fed. 580.

In the pending case, the plaintiff's petition announces his intention to proceed either under the act of Congress or independently of it, as he elects. The action, therefore, cannot be said to arise under the Employers' Liability Act, for but a portion of it so arises. This would be entirely clear, had plaintiff joined in his petition, as he is permitted to do by the Nebraska statute, causes of action against the same defendant for personal injury arising under the Employers' Liability Act of Congress, for trespass upon plaintiff's property, and for other injuries to plaintiff at another time and place, and not arising under the act of Congress; but it is not less clear that this plaintiff has presented two distinct and separate causes of action, upon either of which he may elect to proceed, and but one of which arises under the act of Congress.

The prohibition of removal mentioned in section 6 of the Employers' Liability Act is limited to cases which purport, by the plaintiff's petition, to arise under that act; and when, to a cause of action arising under that act, there is joined one which does not purport to arise under that act, the prohibition does not apply. Strother v. Union Pacific R. Co. (D. C.) 220 Fed. 731; Patterson v. Bucknall S. S. Lines (D. C.) 203 Fed. 1021.