JONES v. SOUTHERN RY. CO.

(District Court, N. D. Georgia. October 24, 1916.)

No. 245.

REMOVAL OF CAUSES ⊜⇒3—JOINDER OF CAUSES—ACTION UNDER EMPLOYERS' LIABILITY ACT.

Employers' Liability Act April 22, 1908, c. 149, 35 Stat. 66, as amended by Act April 5, 1910, c. 143, 36 Stat. 291 (Comp. St. 1913, §§ 8657-8665), providing that no cause of action arising under this act and brought in a state court shall be removed to a federal court, applies where, under the facts alleged, such act must control in the case, though in addition to the count in terms under such act is one concluding that the cause of action is based on and brought under the laws of the state.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 4, 5; Dec. Dig. ⊜⇒3.]

At Law. Action by Harvey Jones against the Southern Railway Company. Case remanded to state court.

Reuben R. Arnold, Hal Lindsay, and Troutman & Troutman, all of Atlanta, Ga., for plaintiff.

McDaniel & Black and Edgar A. Neely, all of Atlanta, Ga., for defendant.

NEWMAN, District Judge. This is a motion to remand. The case was removed from the superior court of Fulton county, Ga., by the defendant, the Southern Railway Company. The suit is brought by an employé for personal injuries alleged to have been received by him while in the discharge of his duties as switchman in the defendant's yards in this state and county.

There are two counts in the declaration. The first count concludes by saying:

"This cause of action is based upon and brought under the laws of the state of Georgia in such cases provided."

In this first count, however, which is brought under the state law, it is alleged that the defendant is—

"a common carrier by rail, doing business and operating within and through said state and county, and engaged in interstate commerce in said business."

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It is further alleged in this count that:

"At the time said injuries were inflicted upon petitioner by defendant, as hereinafter set out, said car with the defective pin lifter was being used by defendant in connection with its business, and on its railroad tracks which are a part of its highway of interstate commerce, over which defendant hauls and carries commodities and passengers to and from one state and another."

The second count in the declaration is brought clearly and in terms under the Employers' Liability Act of Congress. It is therein alleged that:

"Defendant is a common carrier by rail, doing business and operating within and through said state and county, and engaged in interstate commerce in said business."

And further that:

"At the time petitioner was in the performance of his duties about said cars as aforesaid, said cars were being used and handled by defendant on its tracks and lines which are a part of its highway of interstate commerce, over which defendant hauls and carries commodities and passengers to and from one state and another, as a common carrier by rail."

There are other allegations to the same effect, but undoubtedly the cause of action stated in the second count in the declaration is under the Employers' Liability Act of April 22, 1908 (35 Stat. 66), as amended April 5, 1910 (36 Stat. 291).

Cases brought in the state courts under this Employers' Liability Act are not removable. The amendment of April 5, 1910 (Comp. St. 1913, § 8662), supra, provides that:

"The jurisdiction of the courts of the United States under this act shall be concurrent with that of the courts of the several states, and no [cause of action] arising under this act and brought in any state court of competent jurisdiction shall be removed to any court of the United States."

There is a motion to remand on the ground that this case is brought under the Employers' Liability Act of Congress and consequently is not removable.

The question involved here has been before the District Courts several times. The first case directly and squarely in point was the case of Ullrich v. New York, N. H. & H. R. Co., 193 Fed. 768. The opinion in this case is by District Judge Hand, of the Southern District of New York, and at the end of the opinion it is stated that:

"District Judges Holt and Hough have both read the foregoing opinion and agree with the conclusion reached."

Perhaps the headnotes will state in sufficient detail what was decided in the opinion. They are as follows:

"Employers' Liability Act, § 6, provides that an action may be brought for injuries to, or death of, employés within such act in a Circuit Court of the United States in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing the action, but that the jurisdiction of the courts of the United States shall be concurrent with those of the several states, and no case arising under the act and brought in any state court of competent jurisdiction shall be removed to any court of the United States. Held that, where an action under such statute is brought in a state court, it is not removable in spite of the diversity of citizenship of the parties.

"Where the facts pleaded in the complaint in an action for death of a servant showed a cause of action under Employers' Liability Act, § 6, and also a cause of action under Labor Law N. Y. (Consol. Laws 1909, c. 31) § 200 et seq., and a cause of action at common law, it was nevertheless a 'cause arising' under the Employers' Liability Act, and, having been brought in the state court, was not removable as provided by Employers' Liability Act, § 6, notwithstanding the existence of diversity of citizenship, and the fact that, if it had stated a cause of action at common law or under the New York statute, it would have been removable."

The second case is decided by Judge Ray of the Northern District of New York. His ruling agrees with that of Judge Hand, and after stating his reasons, which appear in the opinion, he granted a motion to remand. Rice v. Boston & M. R. R., 203 Fed. 580. Though there were no definite counts in the case before him, it was one which stated, as I understand it, three causes of action, one under the federal act, one under the common law, and one under a Massachusetts statute.

Another case was decided by Judge Ray in the Northern District of New York. Peek v. Boston & M. R. R., 223 Fed. 448. In the decision in this later case Judge Ray says:

"If this complaint contains two causes of action, one under the federal Employers' Liability Act and one under the state law, the federal Employers' Liability Act controls, as both plaintiff and defendant were engaged in interstate commerce, and, Congress having legislated on the subject, the federal statute is paramount. The federal statute controls the liability and right of recovery"—referring to several authorities, among them Seaboard Air Line v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475.

The cases taking the contrary view of this law are, first, the case of Strother v. Union Pac. R. Co. (D. C.) 220 Fed. 731, decided by District Judge Van Valkenburgh of the Western District of Missouri. The ruling in this case, quoting the headnotes, is:

"Within Employers' Liability Act April 22, 1908, c. 149, § 6, 35 Stat. 66, as amended by Act April 5, 1910, c. 143, § 1, 36 Stat. 291 (Comp. St. 1913, § 8662), providing that no case arising under that act and brought in any state court shall be removed to any court of the United States, 'case' means cause of action; and this is true, though the petition in the same count states facts disclosing a good cause of action under a state statute or at common law.

"Under Employers' Liability Act, § 6, where a petition contained two counts stating causes of action under that act and under the state law for the death of an employé, and the necessary diversity of citizenship existed to make the cause of action under the state law removable, defendant could remove such cause of action, without waiting until plaintiff elected at the trial to rely on the cause of action under the state law, and such removal carried the entire case with it, as the provision against removal of causes under the Employers' Liability Act is a privilege which plaintiff may waive, and defendant could not be deprived of its right to remove the cause of action under the state law by the joinder of the irremovable cause of action.

"Where the right to remove a case which has been removed to the federal court is doubtful, the federal court will retain jurisdiction."

Judge Van Valkenburgh says in his opinion:

"It rests with the plaintiff to determine whether he shall state a cause of action solely under the Employers' Liability Act, and therefore incapable of

being removed, or whether he may unite with it, in the alternative, a cause of action that may be removed. If he adopts the latter course, does he not subject himself to the exercise of all the rights which a defendant may legitimately claim? Beyond question both causes of action are cognizable in the federal court, whether originally brought there or removed by consent. The provision against removal is a privilege granted to the plaintiff, which he may waive. If a cause of action containing all the elements of removability be joined with a count stating a cause of action not originally cognizable in the federal court, nevertheless the defendant may remove the former cause of action, and this will carry the entire case with it. Sharkey v. Port Blakely Mill Co. (C. C.) 92 Fed. 425."

Judge Munger, of the District Court of Nebraska, in Flas v. Illinois Cent. R. Co. (D. C.) 229 Fed. 319, takes the same view as Judge Van Valkenburgh in the case last cited. He says this:

"The 'case' referred to is what plaintiff makes it, in good faith, by his petition. Mountain View Min. & Mill. Co. v. McFadden, 180 U. S. 533, 21 Sup. Ct. 488, 45 L. Ed. 656; Minnesota v. Northern Securities Co., 194 U. S. 48, 24 Sup. Ct. 598, 48 L. Ed. 870; Cella v. Brown, 144 Fed. 742, 75 C. C. A. 608. Because his good faith is presumed, it has been held that a single count, which states facts sufficient to make a case either under the act of Congress or under the state statutes and common law, states a case arising under the act of Congress. Ullrich v. New York, N. H. & H. R. (D. C.) 193 Fed. 768; Rice v. Boston & M. R. R. Co. (D. C.) 203 Fed. 580.

"In the pending case, the plaintiff's petition announces his intention to proceed either under the act of Congress or independently of it, as he elects. The action, therefore, cannot be said to arise under the Employers' Liability Act, for but a portion of it so arises. This would be entirely clear, had plaintiff joined in his petition, as he is permitted to do by the Nebraska statute, causes of action against the same defendant for personal injury arising under the Employers' Liability Act of Congress, for trespass upon plaintiff's property and for other injuries to plaintiff at another time and place, and not arising under the act of Congress; but it is not less clear that this plaintiff has presented two distinct and separate causes of action, upon either of which he may elect to proceed, and but one of which arises under the act of Congress.

"The prohibition of removal mentioned in section 6 of the Employers' Liability Act is limited to cases which purport, by the plaintiff's petition, to arise under that act; and when, to a cause of action arising under that act, there is joined one which does not purport to arise under that act, the prohibition does not apply. Strother v. Union Pac. R. Co. (D. C.) 220 Fed. 731; Patterson v. Bucknall S. S. Lines (D. C.) 203 Fed. 1021."

There are other cases somewhat in point, but not so directly upon the precise question presented here as those to which I have referred. These are Van Brimmer v. Texas & P. Ry. Co. (C. C.) 190 Fed. 394, decided by District Judge Russell, in the Eastern District of Texas; Symonds v. St. Louis & S. E. Ry. Co. (C. C.) 192 Fed. 353, decided by Judge Youmans in the Western District of Arkansas; Lee v. Toledo, St. L. & W. Ry. Co. (D. C.) 193 Fed. 685, decided by Judge Wright of the Eastern District of Illinois.

In the Second Employers' Liability Cases, 223 U. S. 1, 32 Sup. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44, in the opinion by Mr. Justice Van Devanter this is said, in speaking of this law:

"And now that Congress has acted, the laws of the states, in so far as they cover the same field, are superseded, for necessarily that which is not supreme must yield to that which is."

And in Seaboard Air Line Railway v. Horton, 233 U. S. 492, 34 Sup. Ct. 493, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475, in the opinion Mr. Justice Pitney says:

"But it is settled that since Congress, by the act of 1908, took possession of the field of the employer's liability to employés in interstate transportation by rail, all state laws upon the subject are superseded. Second Employers' Liability Cases, supra."

It would seem that the Employers' Liability Act is the law which must control in this case, when tried in either the state or federal court, under the facts alleged; and, that being so, the same is not removable.

Counsel for defendant has urged that the fact that here there are two separate counts in the declaration differentiates this case from the New York cases. I cannot agree with this contention. In the New York cases there were, as stated there, different "causes of action" in the same case. So that the difference in the way the cases are brought would not be material so far as this question is concerned.

I think, without going further with the reasoning, that this is clearly a nonremovable case. Consequently an order may be taken remanding the same.