BEDELL v. BALTIMORE & O. R. CO. FLICK v. SAME. ROBERTSON v. SAME.

(District Court, N. D. Ohio, E. D. October 27, 1917.)

Nos. 9596, 9598, 9599.

1. PLEADING ⊚⟶252(2)—AMENDMENT—OPERATION AND EFFECT.
   The filing by plaintiffs of amended petitions before defendant answered the original petitions was an abandonment of the original petitions, so that defendant was not required to answer such original petitions.

2. PLEADING ⊚⟶253—AMENDMENT—TIME TO ANSWER.
   Under Gen. Code Ohio, § 11360, providing that plaintiff may amend his petition without leave at any time before the answer is filed, and that notice of such amendment shall be served upon defendant or his attorney, and defendant shall have the same time to answer or demur thereto

---

as to the original petition, the amendment cannot be regarded as made, and defendant's obligation to answer cannot be regarded as fixed, until notice of the amendment is served upon defendant or his attorney.

3. REMOVAL OF CAUSES ☞79(7)—TIME FOR REMOVAL—EFFECT OF AMENDMENT.

Where, before defendant had answered, plaintiff applied for leave to file an amended petition, instead of amending as of right, under Gen. Code Ohio, § 11360, and instead of procuring an order fixing the time to demur or answer, or serving notice of the amendment on defendants or its attorney, thereby limiting the time to demur or answer, sued out a new summons on the amended petition, fixing a new answer day, defendant was entitled to remove the action to a federal court at any time before such new answer day.

4. REMOVAL OF CAUSES ☞58—RIGHT TO REMOVE—ALTERNATIVE CAUSES OF ACTION.

Where plaintiff stated his right to recover in the alternative, in one count, alleging that defendant was engaged in interstate commerce, and that plaintiff was employed in such commerce at the time the injuries sued for were inflicted, and in the other count alleging the same facts, but omitting the allegations respecting interstate commerce, the cause was removable to a federal court, since, when plaintiff sets up two separate causes of action, even in the alternative, seeking only one recovery, one of which causes of action is removable and the other not, the defendant may remove the entire case.

At Law. Separate actions by Edward S. Bedell, by Jennie Flick, and by George Robertson against the Baltimore & Ohio Railroad Company. On motions to remand. Motions overruled.

John Ruffalo, of Youngstown, Ohio, for plaintiffs.
Harrington, De Ford, Heim & Osborne, of Youngstown, Ohio, for defendant.

WESTENHAVER, District Judge. These three cases are before me on plaintiffs' motion to remand and involve the same question. All the original petitions stated causes of action properly removable to this court. The injuries for which each plaintiff sought to recover were not alleged to have been sustained while the respective plaintiffs and defendants were engaged in an act of interstate commerce, but, on the contrary, such facts as are alleged show that they were not so engaged.

In the Bedell case the summons was served July 17th. It was returnable July 23, 1917. The answer day was August 11, 1917. On August 9, 1917, plaintiff obtained leave of court to file an amended petition instanter, which was accordingly done. A summons against the defendant was issued thereon and served August 14, 1917. The return day of this summons was August 20, 1917, and the answer day September 8, 1917. Thereafter, on September 1, 1917, defendant filed its notice and petition for removal with bond, all in proper form, and on September 6, 1917, an order was made removing the cause to this court.

In the Flick and Robertson cases exactly similar proceedings were had and taken; the return day and answer day to the original and amended petitions being as given above. The amended petition filed in each case purports to set up two different causes of action; both, however, being for the same injury. In the first cause of action it is

alleged that the defendant was engaged in interstate commerce, and the plaintiff was employed in such commerce at the time the injuries complained of were inflicted. The facts stated independently of these allegations are in no wise different from the statements of the original petition, and except for these allegations would not state a cause of action arising under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1916, §§ 8657–8665]). The second cause of action omits the allegations respecting interstate commerce, and is the same in substance as the original petition.

In support of the motions to remand, plaintiffs urge, first, that the petition to remove was filed too late, in that it was filed after the time at which by the state law and practice the defendant was required to plead or answer; and, second, that inasmuch as the first cause of action is one under the federal Employers' Liability Act, and not removable, the case cannot be removed here, even· if the second cause of action is not under that act and is removable.

[1, 2] I am of opinion that, on the facts above noted, the petition to remove was filed in time. The filing by plaintiffs of amended petitions is an abandonment of the original petitions, and the defendant was not thereafter required to answer the original petitions. City v. Wiehle, 78 Ohio St. 41, 84 N. E. 425. The question then is: When was the defendant required to plead or answer to the amended petition? An amended petition may be filed as a matter of right at any time before the defendant has answered. G. C. § 11360. The defendant has the same time after such an amendment is made to answer as he would have to answer or demur to the original petition. An amendment cannot be regarded as having been made under favor of this section, and the defendant's obligation to answer cannot be regarded as fixed until notice of such amendment shall be served upon the defendant or his attorney. Moorman v. Schmidt, 69 Ohio St. 328, 69 N. E. 617. The original petition in these cases cannot, therefore, be regarded as having been amended until notice was served upon the defendant or his attorney. I am inclined to the opinion, but do not deem it necessary to decide the question now finally, that the answer day to an amended petition filed under this section is the third Saturday after the date when this notice is served. See Neininger v. State, 50 Ohio St. 394, 34 N. E. 633, 40 Am. St. Rep. 674.

[3] The plaintiffs do not seem to have proceeded under this section. They applied to the court for leave to file an amended petition. The court might then, in its discretion, have fixed a time within which the defendant should demur or answer, but did not do so. The plaintiffs, instead of procuring an order fixing the time to demur or answer, or serving notice of the amendment on the· defendant or its attorney, which would also have limited the defendant's time to demur or answer, elected to sue out a new summons on the amended petition, which fixed in each case August 20, 1917, as the return day, and September 8, 1917, as the answer day. The plaintiffs are bound, in my opinion, by this election and method of procedure. Manifestly plaintiffs could not have taken judgment as for a default at any time earlier than the 8th of September. The notice and removal petitions were filed September 1st. In my opinion, therefore, the defendant proceed-

ed in due time, and before the time at which it was required to demur or answer by the state law and practice.

[4] I am of opinion, also, that the second ground upon which the motion to remand is based is not well taken. The original petitions of the several plaintiffs stated a removable cause of action. I pass the question whether a plaintiff can by amendment deprive defendant of its right to remove. As respects the amended petitions, the right to remove depends on the case which the plaintiff has stated therein. The several plaintiffs had elected to state alternative causes of action, one based upon an injury said to be covered by the federal Employers' Liability Act, and therefore not removable, and another not based thereon, and which is therefore removable. In the recent case of Dick v. Hyer, 94 Ohio St. 351, 114 N. E. 251, the Supreme Court of Ohio has approved the practice of stating causes of action in the alternative, even though but one recovery is sought. I do not decide that the several plaintiffs have stated alternative causes of action within the holding of that case; but they have in good faith elected to state their right to recovery in the alternative, and are bound thereby on this motion to remand.

I am of opinion that, when a plaintiff sets up two separate causes of action, even in the alternative, and seeking only one recovery, one of which causes of action is removable and the other is not removable, the defendant may remove the entire case to this court. It was so held in the following cases: Patterson v. Bucknall S. S. Lines (D. C.) 203 Fed. 1021; Strother v. Union Pacific Ry. Co. (D. C.) 220 Fed. 731; Flas v. Illinois Central Ry. Co. (D. C.) 229 Fed. 319. In my opinion, the holding of these cases is based on sound reasoning. They merely apply the doctrine of the right to remove when a separable cause of action is stated, or when a case in some of its aspects involves a question arising under the Constitution and laws of the United States. In such situations it is well settled that when a separable controversy is stated, of which the federal courts have jurisdiction, or when one cause of action is stated which involves a controversy arising under the Constitution and laws of the United States, the right to remove exists, and the entire case is thereby transferred to the federal courts. If this were not true, the federal courts would be obliged to yield the right to take jurisdiction whenever a part of the cause was not removable, and thereby the jurisdiction of the federal courts might oftentimes be ousted. See Barney v. Latham, 103 U. S. 205, 26 L. Ed. 514.

Plaintiff relies on Ullrich v. New York, etc., R. R. Co. (D. C.) 193 Fed. 768; Rice v. Boston, etc., R. R. Co. (D. C.) 203 Fed. 580; Jones v. Southern Ry. Co. (D. C.) 236 Fed. 584. These cases are clearly distinguishable and not in point. In each of them the plaintiff had elected to state his case in one cause of action. On the allegations and facts stated a cause of action was stated under the federal Employers' Liability Act, and therefore not removable. It was held, and rightly, that these allegations were controlling and prevented removal, even though, eliminating these allegations, a cause of action would be stated under the common law or state statute.

These holdings only apply the well-recognized rule that the federal act is exclusive and controlling, and whenever the facts stated or the

evidence shows the plaintiff and defendant were engaged in an act of interstate commerce, all rights and liabilities are controlled by the federal Employers' Liability Act. Missouri, etc., Ry. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; Wabash R. R. Co. v. Hayes, 234 U. S. 86, 34 Sup. Ct. 729, 58 L. Ed. 1226.

An order will be entered overruling the motion to remand in each case. An exception may be noted on behalf of the several plaintiffs.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes