**B. Allie HALL, Administrator of the Estate of John Michael Edwards, Deceased, Plaintiff,**

**v.**

**ILLINOIS CENTRAL RAILROAD COMPANY, Defendant.**

**Civ. A. No. 938.**

United States District Court
W. D. Kentucky,
Paducah Division.
June 20, 1957.

**550**

M. C. Anderson, Wickliffe, Ky., Waller, Threlkeld, Whitlow & Byrd, Paducah, Ky., Barnett, Jones & Montgomery, Jackson, Miss., for plaintiff.

Wheeler & Marshall, Paducah, Ky., for defendant.

SHELBOURNE, Chief Judge.

This action is before the Court on the plaintiff's motion to remand, filed May 23, 1957. The complaint was filed in the Ballard Circuit Court on the 23rd day of February, 1957, against the Illinois Central Railroad Company.

Paragraph 3 of the complaint alleges that the action is brought under the Employers' Liability Act of the State of Kentucky, KRS 342.001 et seq., to recover for the wrongful death of John Michael Edwards, an unmarried man, who died February 29, 1956, while he was employed by the Illinois Central Railroad in intrastate commerce. The complaint quotes Section 277.310 of the Kentucky Revised Statutes, Section 241 of the Kentucky Constitution, and, in part, Section 411.130 of the Kentucky Revised Statutes.

It is alleged that the deceased was a lineman and, as a member of a crew, engaged in "clipping and removing unused telegraph wires mounted on crossarms attached to a line of poles near the Town of Wickliffe, Kentucky." It is alleged that the wires were not in use and had not been in use for a long time; that the line of poles near Wickliffe (on which the wires were strung) was partially submerged in the flood waters; that the crewmen were travelling by boat from pole to pole; that the boat furnished for the work was unsuited and overturned, causing the drowning of Edwards. The defects of the boat were described in detail, and knowledge of the defective boat is alleged to have been had by the defendant, together with knowledge that the boat as being used was heavily loaded by members of the crew with their equipment, and because of a powerful outboard motor, high winds, and choppy waters of the river the accident occurred and the deceased was drowned. Negligence is alleged on the part of the operator of the motor on the boat. Plaintiff alleges that the doctrine of res ipsa loquitur applies. It is alleged that the defendant failed to furnish deceased a reasonably safe place to work and reasonably safe appliances and boats in which to perform the work, and was otherwise negligent in causing its boats to be operated in an unsafe and imprudent manner while being overloaded.

The plaintiff then avers in the alternative that, if the deceased was not engaged in intrastate commerce, he was engaged in interstate commerce, and plaintiff invokes the provisions of the Federal Employers' Liability Act, Title 45 U.S.C.A. § 51 et seq. Then plaintiff alleges that, if neither the Employers' Liability Act of Kentucky nor the Federal Employers' Liability Act have application, he in-

vokes remedies afforded him under the common law for negligence. It is claimed that the negligence of the defendant created liability under one or more of these alternatives.

Recovery is sought for the love, affection and companionship which the beneficiaries of the deceased's estate have lost, the support and contributions that deceased made to them, and the gratuities they would have received from him. They seek to recover funeral and burial expenses in a sum not exceeding $1,000, for the physical pain and suffering and mental anguish the deceased endured prior to his death, and for the destruction of his power to earn money. The prayer of the petition is that plaintiff have and recover "actual and punitive damages from the defendant in the sum of One Hundred Thousand Dollars ($100,000.-00)."

March 14, 1957, defendant filed its petition and bond for removal of the action to this Court; removal is based on the diversity of citizenship.

March 19, 1957, defendant filed a written motion. Paragraph I seeks dismissal because no claim is stated upon which relief can be granted; Paragraph II moves that Paragraphs 4, 5, and 6 of the complaint be stricken; Paragraph III moves that Paragraphs 14, 15, 17, 18, and 19 be stricken; Paragraph IV moves that all of Paragraph 20, except the allegation as to the age of the decedent, be stricken. In support of Paragraph I of the motion, defendant says that the allegations of negligence are specific and are inconsistent and insufficient. As to Paragraph II of the motion, counsel states that this Court takes judicial notice of the statutes of Kentucky, and Paragraphs 4, 5, and 6 are unnecessary and are violative of Rule 8, Fed.Rules Civ.Proc., 28 U.S.C. As to Paragraph 14 of the complaint asked to be stricken by Paragraph III of the motion; defendant says that the doctrine of res ipsa loquitur cannot be invoked when specific negligence is alleged; as to Paragraph 15, that the allegations as to the legal duties of the defendant are surplusage and violative of Rule 8; and, as to

Paragraph 17, that no facts are alleged in support of the attempted invocation of the provisions of the Federal Employers' Liability Act, and that the paragraph should be stricken in the interest of clarity and in order to enable the defendant to plead. Defendant's counsel says that Paragraphs 18 and 19 are surplusage and violative of Rule 8, and, finally, that all of the allegations of Paragraph 20 are improper and irrelevant, except as to the age of plaintiff's decedent.

March 29, the plaintiff filed his response to defendant's motion, also in paragraphs numbered I, II, III, and IV. Strangely enough, neither in the defendant's statement of grounds of his motion nor in plaintiff's response thereto is there a reference to any adjudicated case. Plaintiff, in Paragraph I of his response, says, "The complaint states a good cause of action," and then cites the provisions of the Kentucky Revised Statutes and the entire Federal Employers' Liability Act, Title 45 U.S.C.A. § 51 et seq., without further comment. Paragraphs II and III of the response submitted the paragraphs of the complaint referred to in Paragraphs II and III of defendant's motion without argument, and the concluding paragraph of his response is that "all facts alleged in the complaint have evidential value in support of plaintiff's allegations of negligence and violation of statutes which caused or contributed to the death of John Michael Edwards, * * *."

When the defendant's petition for removal was presented to the Court, together with an order reciting the steps taken by defendant pursuant to Section 1446 of Title 28 U.S.C.A., the order was signed by the Court without a careful examination of the complaint filed in the State court, copy of which was attached to the petition for removal. In examining the complaint more carefully, the Court is of the opinion that a serious question of jurisdiction presents itself. The plaintiff has alleged a cause of action under common law or under the wrongful death statute of Kentucky on the one hand, and an action under the

Federal Employers' Liability Act on the other hand.

It is provided by Section 1445(a) of Title 28 U.S.C.A. that "A civil action in any State court against a railroad * *, arising under sections 51–60 of Title 45, may not be removed to any district court of the United States." A similar provision was originally a part of the Federal Employers' Liability Act. Rule 18 of the Rules of Civil Procedure permitted a plaintiff in his complaint to join either as an independent claim or as alternative claims as many claims, either legal or equitable or both, as he may have against his adversary. Hence, it was permissible for plaintiff to sue in the alternative for damages for the destruction of decedent's earning power and funeral expenses under the State law, and for pecuniary loss suffered by the beneficiaries in the death of the decedent. Assuming that the plaintiff has done or attempted to do this, the jurisdictional question arises: Does this Court have jurisdiction of the action?

It is provided by Section 1441(c) of Title 28 U.S.C.A., "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

In the case of Patton v. Cincinnati, N. O. & T. P. Ry., D.C.Tenn., 208 F. 29, Judge Sanford, considering the effect of the prohibition against removal to a Federal District Court an action under the Federal Employers' Liability Act filed in a State court, said (at page 32):

"And it is clear that while the plaintiff may, after removal of a cause, waive objection to the jurisdiction of the particular Federal court to which the case has been removed, he cannot waive an objection running to the jurisdiction of the Federal courts as a class, or confer jurisdiction, even by consent, in a cause not within the general jurisdiction of the Federal courts. * *

"It results that as Congress has expressly withheld from the Federal courts, as a class, jurisdiction in cases arising under the Employers' Liability Act previously brought in a State court, the plaintiff could not, under the rule laid down in the cases above cited, waive his objection to the want of jurisdiction in this court by filing his declaration in this court, or otherwise, and could not, even by express consent, confer jurisdiction upon this court under the removal proceedings in this cause; and it appearing that jurisdiction in a case of this character has been expressly withheld from the Federal courts by the Acts of Congress, it would clearly be the duty of the court, even in the absence of a motion to remand, upon its own motion, when such want of jurisdiction is brought to its attention, to remand the case to the State court, under the provisions of section 37 of the Judicial Code."

In the case of Mitchell v. Southern Ry. Co., D.C.Ga., 247 F. 819, the complaint contained four counts, two of which alleged liability under the Federal Act and two liability under the State law. The action was removed to the Federal court and the trial resulted in a mistrial, after which there was a motion made to remand the case on the ground that it was a non-removable case. In ordering the case remanded, and for the reason that two of the counts in the complaint sought recovery under the Federal Employers' Liability Act, the Court held that the question was one of jurisdiction and, notwithstanding plaintiff had engaged in a trial in the Federal court without objection, the action was remanded because the Court was of the opinion that the Federal court was without jurisdiction.

In the case of Pate v. Standard Dredging Corp., 5 Cir., 193 F.2d 498, a claim under the Jones Act, 46 U.S.C.A. § 688, was involved. That suit was filed in the State court in Texas and removed by the defendant to the United States District

Court on the ground of diversity of citizenship. The requisite amount to confer jurisdiction on the Federal court being present, the case proceeded to trial to the Court without a jury and resulted in a judgment for the defendant, from which the plaintiff appealed. In the Court of Appeals, the plaintiff claimed error on the part of the Court in declining to remand the case to the State court. The defendant claimed that the plaintiff's complaint sought recovery for alleged unseaworthiness and that that constituted a separate and independent cause of action from that under the Jones Act and was removable; and, further, that the plaintiff's claim for maintenance and cure constituted a separate and distinct cause of action which would be removable if sued upon alone. The Court pointed out that actions under the Jones Act gave seamen suffering personal injury in the course of employment an action bottomed upon the statutes of the United States, modifying or extending the common law right or remedy in cases of personal injury to railway employees; that such actions thereby became limited by Section 56 of Title 45 U.S.C.A., prohibiting cases arising under the Act and brought in any State court of competent jurisdiction to be removed to a Federal court. The Court then proceeded to answer the contention of the defendant that the action should not have been remanded because of the presence in the complaint of a request for recovery on account of unseaworthiness of the vessel or on account of the allegations with respect to maintenance and cure. The Court there said that the case should have been remanded to the State court on the broad principle that a suit under the Jones Act for negligence and under the maritime law for unseaworthiness involved but a single wrongful invasion of a single primary right; the causes were not separate and independent causes of action, and ordered the case remanded to the State Court.

The Supreme Court of the United States said, in Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 602, 71 L.Ed. 1069, "[I]t is perfectly plain that the respondent suffered but one actionable wrong, and was entitled to but one recovery, whether his injury was due to one or the other of several distinct acts of alleged negligence, or to a combination of some or all of them. In either view, there would be but a single wrongful invasion of a single primary right of the plaintiff, namely, the right of bodily safety, whether the acts constituting such invasion were one or many, simple or complex." To the same effect are the cases of Jones v. Southern Ry. Co., D.C.Ga., 236 F. 584, and Boyle v. Chicago, R. I. & P. Ry. Co., 8 Cir., 42 F.2d 633.

In opposition to plaintiff's motion to remand in the case at bar, defendant's counsel relies principally upon the cases of Bedell v. Baltimore & O. R. Co., D.C., 245 F. 788, Jacobson v. Chicago, M., St. P. & P. R. Co., 8 Cir., 66 F.2d 688, and Muller v. Lyke Coastwise Line, D.C., 144 F.Supp. 135.

The case of Bedell v. Baltimore & O. R. Co., I think is distinguishable, as is the Jacobson case, because both were decided, the Bedell case in 1917 and the Jacobson case in 1933, prior to the enactment of Section 1441 of Title 28, United States Code.

In the Bedell case the crux of the opinion is that when a separable controversy is stated, of which the Federal courts have jurisdiction, the right to remove exists, and the entire case is thereby transferred to the Federal courts. This holding was nullified by the enactment of Section 1441(c). American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702.

The Jacobson and Muller cases more nearly support the contention of defendant's counsel, but this Court is of the belief that the case of Pate v. Standard Dredging Corp., supra, contains the logical rule: there being but one wrong to be redressed and suit under the Federal Employers' Liability statute being expressly made non-removable, this Court lacks jurisdiction in the case at bar.

It is the opinion of the Court that the action in its entirety should be remanded

to the Ballard Circuit Court, which court had jurisdiction of both causes of action, to-wit: (1) the action to recover under the State law, and (2) the action to recover under the Federal Employers' Act. Both causes of action sought recovery for the alleged wrongful death of plaintiff's decedent; both sought recovery because of alleged failure of defendant to furnish to decedent a reasonably safe place to work and safe tools and appliances with which to work. While the measure of recovery is different, the recovery in each is conditioned upon proof of the negligence alleged in the complaint, which is the same in each cause of action. A Federal statute prohibits the removal of the cause of action bottomed upon the Federal Employers' Liability Act and thereby precludes removal because, as held by the Circuit Court of Appeals in the Pate case, there was but a single wrongful invasion of a single right of decedent.

Plaintiff's motion to remand is sustained and an order is this day entered remanding this action to the Ballard Circuit Court.